DAVIS ET AL., APPELLANTS, *v.* SHIGLEY, EXR., ET AL., APPELLEES.

(No. 517—Decided October 21, 1950.)

*Mr. John L. Undercoffer, Mr. A. M. Kinney, Jr.,* and *Mr. Jack W. Williams,* for appellants.
*Mr. Neal W. Hunter, Mr. George H. Smith,* and *Mr. George R. Smith,* for appellees.

*Per Curiam.* This is an appeal on questions of law from a judgment of the Common Pleas Court of Greene County, in favor of the defendants in a will contest.

The record shows that counsel for the plaintiffs were notified on April 25, 1950, that the case had been set for trial on May 25, 1950. In response to the notice of the trial date, counsel for the plaintiffs wrote

a letter to counsel for the defendants acknowledging receipt of notice that the case had been set for trial, and expressing the hope that the matter could be tried or disposed of on the date set. In the late afternoon of May 24th, counsel for the plaintiffs notified counsel for the defendants that they would be unable to go to trial. Upon the day of trial the plaintiffs were represented by A. M. Kinney, Jr., and Jack W. Williams.

The ground for the continuance is found in the statement of Mr. Kinney, which appears in the bill of exceptions as follows: ''I am here representing Mr. Undercoffer, who is the senior attorney in this matter. Much as I regret the inconvenience to your Honor and the others, we will have to ask for a continuance of the case. It was moved ahead without the consent of counsel for plaintiffs, and Mr. Undercoffer has done his level best to prepare this case for trial, and he has had illness, and at the last minute he called Mr. Williams and myself in, and we have not had time to get it ready. Our office is in Cincinnati, and it is difficult to contact people. It would only be a great injustice to our clients to proceed. In fact, we cannot proceed.''

This matter was set for trial before a nonresident judge who, at this stage of the proceedings, referred the request of counsel for plaintiffs to the resident judge. The latter promptly overruled the motion for a continuance. Some testimony was taken, after which the matter of the continuance was presented to the trial judge for the purpose of making up the record. At this point in the record the court stated it understood that the case had been assigned for trial several weeks previously; that on the day before trial a communication was received by counsel for the defendants requesting a continuance; and that on the day of trial

associate counsel appeared and, a few minutes before the proceedings were to begin, requested the continuance. Thereupon the trial judge overruled the motion for a continuance.

The sole question before this court is whether the trial court erred in overruling such motion. Does the record show the commission of prejudicial error in overruling the motion for a continuance? We think it does not.

In 9 Ohio Jurisprudence, 202, Section 7, the general rule is stated thus:

"It is the general rule that the granting or refusing of a motion for a continuance rests within the sound discretion of the trial court. Hence, an appellate court will not interfere with the exercise of this discretion unless the action of the trial court is plainly erroneous and is clearly an abuse of discretion."

In support of the general rule the following cases may be cited: *State, ex rel. Buck,* v. *McCabe et al., Judges,* 140 Ohio St., 535, 45 N. E. (2d), 763; *Norton* v. *Norton,* 111 Ohio St., 262, 266, 145 N. E., 253; *Diebold* v. *Powell,* 32 Ohio St., 173; *Hoff* v. *Fisher,* 26 Ohio St., 7; *Loeffner* v. *State,* 10 Ohio St., 598; *Ex parte Petition to Prohibit Sale of Intoxicating Liquors,* 12 C. C. (N. S.), 248, 21 C. D., 586: 12 American Jurisprudence, 450, Section 5.

It is well settled that a reviewing court will not reverse a trial court's ruling on a motion for a continuance unless, on the whole record, an abuse of discretion is shown.

In 2 Ohio Jurisprudence, 1061, Section 589, judicial discretion is defined as follows: "As the term is ordinarily used, it has been said to imply not merely error in judgment, but perversity of will, passion, or moral delinquency. Discretion, when applied to a court of justice, ordinarily means sound discretion, not wilful

or arbitrary, but regulated by well-known and established principles of law, or such as may be exercised without violating any principle of law.''

In 17 Corpus Juris Secundum, 191, Section 5, the general rule is stated in similar language, and on page 217, Section 36, where the basis for the motion for continuance is the illness of counsel, the text is as follows:

''While the granting or refusing of a continuance on account of the illness of counsel is a matter of discretion with the court, it is usually considered a good ground for continuance that the counsel employed is too ill to conduct the cause when the same is called for a hearing; but in such case it must appear that applicant has a meritorious cause or defense, that the particular counsel was necessary to the proper presentation of the cause, and that there was no time or opportunity, to employ other counsel to conduct it.''

The record in this case does not show a compliance with the requirements set forth in the above text. In the same work, on page 218, it is stated: ''A continuance will not be granted on the mere statement of a party that his attorney is too ill to be present, or on an unverified certificate of a physician.''

In 9 Ohio Jurisprudence, 212, Section 24, it is stated: ''An affidavit generally is filed with a motion for a continuance, setting out the grounds for the continuance. In fact the rule seems to be that the application must be on affidavit.'' See, also, 12 American Jurisprudence, 472, Section 30.

In the instant case the record does not show that senior counsel was ill on the day of trial and was unable for that reason to appear, or that he had been unable to prepare his case, or that his presence was necessary to the trial.

A case involving similar facts is *Malle* v. *Hayes*, 25 Ohio App., 506, 159 N. E., 116, where a will contest case was brought to the Court of Appeals on petition in error. The court held that the case would not be continued where it had been properly listed for trial and had been published two weeks under rule of court in the official organ of courts and no steps were taken towards having the case continued until after four o'clock of the day before it was in court.

This court is of the opinion that the record does not show such an abuse of discretion on the part of the trial court as would require reversal.

*Judgment affirmed.*

MILLER, P. J., HORNBECK and WISEMAN, JJ., concur.