Argued March 9, reversed and remanded March 29, 1967

## JOHNSON ET UX, *Respondents, v.* STATE COMPENSATION DEPARTMENT, *Appellant.*

425 P. 2d 496

*Earl M. Preston,* Assistant Attorney General, Eugene, argued the cause for appellant. With him on the briefs were Robert Y. Thornton, Attorney General, and Wallace Carpenter, Assistant Attorney General, Salem.

*Robert L. Ackerman,* Springfield, argued the cause for respondents. With him on the brief were Frank B. Reid, Eugene, and Babcock & Ackerman, Springfield.

Before PERRY, Chief Justice, and SLOAN, DENECKE and REDDING, Justices.

DENECKE, J.

When must a claimant for Workmen's Compensation benefits file his claim with the Commission? That is the issue on appeal.

The plaintiffs were severely injured on January 5, 1964. Mrs. Johnson was moved from the hospital to a nursing home in October, 1964, and Mr. Johnson was similarly moved in August, 1964. Their applications for benefits were filed with the Commission on November 27, 1964. The Commission denied the claims upon the ground that they were not timely filed. Plaintiffs appealed to the circuit court. That court, sitting without a jury, found for plaintiffs.

ORS 656.274(1)(2) provides:

"(1) No application shall be valid or claim thereunder enforceable in nonfatal cases unless such claim is filed within three months after the date upon which the accident occurred, but the commission may, in its discretion, upon a sufficient showing being made, permit the filing of a claim in a nonfatal case within one year of the time the accident occurred.

"(2) If a workman, as a result of an accidental injury, has been rendered mentally incapable of filing a claim, a claim may be filed by the workman within 60 days after the removal of such mental incapacity or during such incapacity on behalf of the workman, by his parents, spouse, guardian, employer or physician. Any such claim must be filed within one year from date of the accidental injury."

We have decided that whether a claimant has sufficient cause to permit him to file his claim with the Commission more than three months after the injury is a question of fact. *Tice v. State Ind. Acc. Comm.*, 183 Or 593, 195 P2d 188 (1948). The claimant is entitled to a trial de novo in circuit court upon this issue of fact.

It follows from this procedure that the question on appeal to this court is whether there is any evidence to substantiate the finding of the trial court on this issue of fact.

The court found: "There was sufficient cause shown for the failure of Plaintiff to file his application for benefits within three months after the date upon which the accident occurred."

■ The required hospitalization of plaintiffs during the first three months after the accident and evidence that plaintiffs were mentally and physically incapacitated during this period support the trial court's finding. Its finding was not erroneous.

A conclusion of law made by the trial court presents a more perplexing question.

The trial court concluded: "It was not necessary for the Plaintiff to make a showing of cause for delay in the filing of his application for benefits for any period after the expiration of three months after the date the accident occurred."

The trial court decided that if the claimants made a sufficient showing to excuse them from filing during the first three months after injury, they could file at any time they chose within the next nine months.

■ A claimant may file his claim at any time within the first three months after the accident. For the next nine months he can successfully file his claim only if he can make a sufficient showing that his failure to previously file was excusable. After one year he is barred from filing his claim and neither the Commission nor the court can waive that limitation. *Rosell v. State Ind. Acc. Com.*, 164 Or 173, 95 P2d 726 (1940). This one-year limitation also applies to an accident victim rendered mentally incapable.

■ The legislature has provided a relatively "tight" limitation statute for compensation claims and requires early filing,—three months and an additional nine months upon a sufficient showing. To interpret the statute to mean that once the failure to file within three months is found to be excusable, the claimant may file at any time within the next nine months without any showing of excuse appears to us to be inconsistent with the other provisions of the statute. For example, a workman rendered mentally incapable by an industrial accident does not have that leeway. He must file within 60 days after his mental capability is restored.

The legislature deemed it advisable to require the filing of a claim within three months and a later filing could only be made if the failure to file earlier was excusable. No reason is advanced to explain why the legislature would grant nine months within which to file once the claimant has shown a valid excuse for failure to file within the first three months.

We hold that the trial court's conclusion of law is in error. The case is remanded for a determination of the issue of whether the plaintiffs made a sufficient showing to excuse their failure to file their claims prior to November 27, 1964.

Reversed and remanded.