Argued November 3, reversed and remanded December 29, 1967

PEA, *Appellant, v.* STATE COMPENSATION
DEPARTMENT, *Respondent.*

435 P. 2d 821

*Kenneth W. Stodd,* Portland, argued the cause and filed briefs for appellant.

*Earl M. Preston,* Assistant Attorney General, Eugene, argued the cause for respondent. With him on the brief were Robert Y. Thornton, Attorney General, and Wallace Carpenter, Assistant Attorney General, Salem.

Before PERRY, Chief Justice, and McALLISTER, O'CONNELL, DENECKE and WOODRICH,* Justices.

DENECKE, J.

The defendant's predecessor, the Industrial Accident Commission, refused to accept plaintiff's claim for workmen's compensation benefits upon the ground that it was not timely filed. Plaintiff appealed to the circuit court, but that court granted defendant's motion requesting the court to direct the jury to return a verdict for the defendant. Plaintiff appeals.

The plaintiff is a 58-year-old widow. In August 1964 she was injured in an automobile collision which she contends was an industrial accident. She suffered severe head injuries, including a concussion, and was hospitalized for approximately a month. She then lived alternately with her two daughters. During this time, according to plaintiff's evidence, she was bedridden. About December 1, 1964, she moved back to her own home, where she lived with her elderly father-in-law. She was not able to care for herself completely

---

* Woodrich, J., did not participate in this decision.

during the period prior to May 1965. Her claim was filed in May 1965.

Prior to the accident plaintiff's mental and physical condition was normal.

There was testimony that the accident caused her to be unable to write. She gradually relearned to write. She did not know she was in an accident or how she got her injuries until about December 1, 1964. Between December 1964 and May 1965 plaintiff would start to talk and then forget what she started to say. Although she had been a widow for 12 years she would sometimes forget during this period that she was a widow.

During this period plaintiff knew she had visits with representatives of her employer and that she received some money from her employer. Employees of a friend told her she should file for compensation benefits. The exact time of this conversation is not fixed. She testified that she did not file sooner because she did not know how, she could not read the form and fill it out, and she did not know it was necessary to file.

ORS 656.274 governed the time for filing. It provided:

"(1) No application shall be valid or claim thereunder enforceable in nonfatal cases unless such claim is filed within three months after the date upon which the accident occurred, but the commission may, in its discretion, upon a sufficient showing being made, permit the filing of a claim in a nonfatal case within one year of the time the accident occurred.

"(2) If a workman, as a result of an accidental injury, has been rendered mentally incapable of filing a claim, a claim may be filed by the workman

within 60 days after the removal of such mental incapacity or during such incapacity on behalf of the workman, by his parents, spouse, guardian, employer or physician. Any such claim must be filed within one year from date of the accidental injury. "* * * * *." (Repealed Oregon Laws 1965, ch 285, § 95)

■ Subsection (1) granted to the Commission the authority, upon sufficient showing, to permit a filing after the three-month deadline. Subsection (2) applied only when the claimant had been rendered mentally incapable by the accident. Plaintiff's complaint does not clearly allege whether plaintiff is relying only upon subsection (2) or upon both subsections. At oral argument plaintiff contended that she was relying upon both. Defendant's motion for directed verdict was grounded upon the proposition that neither subsection had been satisfied. We conclude that both subsections must be considered.

■ Subsection (1) provided: "the commission may, in its discretion, upon a sufficient showing being made * * *." Despite this language, we have held that in order to observe another statute requiring a de novo trial upon appeal from the Commission's orders, the claimant is entitled to a de novo trial upon the issue of whether the claimant had sufficient cause to permit him to file his claim with the Commission more than three months after the injury. *Tice v. State Ind. Acc. Comm.*, 183 Or 593, 195 P2d 188 (1948); *Johnson v. State Compensation Department*, 246 Or 449, 425 P2d 496 (1967).

■ In *Tice v. State Ind. Acc. Comm.*, supra, at 609, we held "sufficient cause" as used in the statute meant substantially the same as "reasonable cause" or "good cause." In the present case we hold that a jury could

decide that the evidence of plaintiff's physical or mental condition provided a sufficient showing to excuse her failure to file until May 1965. The trial court erred in deciding this as a matter of law by directing a verdict.

The principal discussion between the trial court and counsel at the time of argument upon the motion for a directed verdict concerned subsection (2) and particularly whether it was necessary to have medical testimony that plaintiff's claimed mental incapability was a result of the accident. There was no medical testimony. The trial court ruled that medical testimony was necessary. This issue may arise again at another trial of this case and, therefore, should be decided.

The Department relies heavily upon a portion of the decision in *Dimitroff v. State Ind. Acc. Com.*, 209 Or 316, 326, 306 P2d 398 (1957). There, the plaintiff was injured in July 1954 when he was struck in the back and knocked down. He was hospitalized for about two months and his spleen was removed. At his trial in March 1956 he sought compensation for, among other ailments, "bloating" of his stomach, which he suffered for the first time a week before the trial, and "nerves," for which he was hospitalized in January 1956. There is no mention of any complaint by the plaintiff prior to January 1956 about "nerves." We properly held that medical testimony was necessary to establish that the "bloating" and "nerves" were caused by the accident of 1954.

Our recent decision of *Uris v. State Compensation Department*, 247 Or 420, 427 P2d 753 (1967), decided after the trial of this case, is determinative of this question. In that case, plaintiff Uris had had no back

trouble since he was about 14. (Apparently, at the time of the injury complained of he was at least in his mid-twenties.) In September 1963 he reached out to prevent some books from toppling and felt a sharp pain in his back. He reported the incident to his employer and immediately went to a doctor. Plaintiff testified that the pain continued in a greater or lesser degree from that time on. After his initial visit to a physician, the plaintiff did not again complain to any physician about his back until August 1964. Apparently, about this time he filed his claim with the Commission. We decided that under those circumstances no medical testimony was necessary to establish that plaintiff's back condition was caused by his September 1963 accident involving the books.

Mr. Justice Lusk in *Uris v. State Compensation Department,* supra, at 756, stated the general principle as follows:

"In the compensation cases holding medical testimony unnecessary to make a prima facie case of causation, the distinguishing features are an uncomplicated situation, the immediate appearance of symptoms, the prompt reporting of the occurrence by the workman to his superior and consultation with a physician, and the fact that the plaintiff was theretofore in good health and free from any disability of the kind involved. A further relevant factor is the absence of expert testimony that the alleged precipitating event could not have been the cause of the injury: DiFiori v. United States Rubber Co., supra."

It is apparent from the evidence presented by the plaintiff in this case, examined in the light of the principles stated in *Uris v. State Compensation Department,* supra, that no medical testimony is neces-

sary to enable the jury to decide the question of whether any mental incapability of plaintiff was caused by the accident.

Reversed and remanded.