Argued November 15, 1968, affirmed January 15, 1969

JOHNSON, *Respondent, v.* STATE COM-
PENSATION DEPARTMENT,
*Appellant.*

449 P. 2d 145

*Earl M. Preston,* Assistant Attorney General, Eu-
gene, argued the cause for appellant. With him on the
briefs were Robert Y. Thornton, Attorney General

and Wallace Carpenter, Assistant Attorney General, Salem.

*Robert L. Ackerman,* Springfield, argued the cause for respondents. On the brief were Babcock & Ackerman, and William A. Babcock, Springfield and Frank B. Reid, Eugene.

Before PERRY, Chief Justice, and SLOAN, GOODWIN, HOLMAN and LANGTRY, Justices.

SLOAN, J.

Both of the plaintiffs in these consolidated cases received paralyzing injuries in an automobile accident which occurred on January 5, 1964. For several months thereafter both Mr. and Mrs. Johnson received intensive treatment and were unable to transact business. In late August of 1964, Mr. Johnson first consulted an attorney relative to filing claims for workmen's compensation. The attorney agreed to investigate the advisability of making claims. Later, the attorney and the Johnsons decided to do so but the claims were not filed until November 27, 1964. Defendant's predecessor, the Industrial Accident Commission, rejected the claims because they were not timely filed. This action followed. Originally, the trial court found that late filing was justified and ordered the claims filed. That order was appealed. *Johnson v. Compensation Department,* 1967, 246 Or 449, 425 P2d 496.

On that appeal we held that the evidence justified the trial court's determination that there was good cause for the failure to file the claims within the three months permitted by ORS 656.274(1),[1] before its repeal in 1965. The cases were returned to the trial

[1] "(1) No application shall be valid or claim thereunder enforceable in nonfatal cases unless such claim is filed within three

court, however, to decide, factually, if the delay until November 27, 1964, was excusable. The court again heard extensive evidence and found that the failure to file was reasonable and justified. This second appeal followed.

The factual crux of the case relates to the delay in filing the claims after the attorney was consulted in August. We think the substantial evidence supports the trial court's finding that the attorney did not delay too long before filing the claims. The extremely critical condition of the Johnsons, who remained substantially paralyzed, the difficulty of obtaining complete cooperation from the attending medical consultants, the legal problems involved, and other circumstances justified the failure to file more immediately. It appears that there was "reasonable" and "good cause" for the delay. *Pea v. Compensation Department,* 1967, 248 Or 487, 435 P2d 821.

Since it is quite apparent that the evidence does support the trial court's findings of fact, defendant is really rearguing the first appeal. The real thrust of the defendant's argument is that we overrule our first decision and *Pea v. Compensation Department, supra,* and like earlier cases decided before the 1965 amendment. These cases held that the trial court, on an appeal from the refusal of the Industrial Accident Commission to receive a late claim, should try the issue *de novo* and that a reasonable or good cause would excuse a late filing. We decline the invitation to overrule those decisions.

Affirmed.

months after the date upon which the accident occurred, but the commission may, in its discretion, upon a sufficient showing being made, permit the filing of a claim in a nonfatal case within one year of the time the accident occurred."