# ROGUE RIVER PACKING CORPORATION *v.* DEPARTMENT OF REVENUE

Carl M. Brophy, Brophy, Wilson & Duhaime, Medford, represented plaintiff.

James D. Manary, Assistant Attorney General, Salem, represented defendant.

Decision remanding to defendant rendered January 21, 1976.

CARLISLE B. ROBERTS, Judge.

Plaintiff appealed to this court from defendant's Order No. VL 75-112, dated March 18, 1975, in which the defendant refused to apply the relief-of-hardship provisions of ORS 307.475 to the plaintiff's personal property tax assessment for 1974-1975.

The plaintiff is a food-packing corporation which has obtained the benefits of the "processor's statute," ORS 308.250, without interruption from 1944 until the 1974-1975 tax year. The testimony showed that, dur-

ing the last third of 1973 and the first half of 1974, a concatenation of events, *none of which appears to have been within the control of the plaintiff's management,*[1] brought about a failure to file the request for cancellation of assessment of a substantial part of plaintiff's inventory which actually had been transported or shipped to another point before May 1 of the year of assessment, thus losing the ORS 308.250 tax exemption. (No effort is made to set out the facts fully herein, since they must be ascertained by the defendant upon remand.)

The plaintiff discovered the failure upon receipt of its personal property tax statement in October 1974. It immediately applied to the Jackson County Assessor for cancellation of the assessment, but the application was denied. The plaintiff thereupon petitioned the defendant for a recommendation to the county assessor for relief under ORS 307.475.[2] Hearing

---

[1] A hardship which has been self-created by the act of the property owner is not a "hardship" for which a board of zoning appeals can give relief by granting a variance. *State ex rel Markdale Corp. v. Bd. of App.*, 27 Wis2d 154, 133 NW2d 795 (1965). This holding distinguishes the facts in the present suit from those in *Pratum Co-Op Whse. v. Dept. of Rev.*, 6 OTR 130 (1975).

[2] The statute is printed in *Pratum Co-Op Whse., supra* n 1, at 132-133.

A reader cannot fail to note the unusual aspects of ORS 307.475. It suggests many questions. For example, the statute requires the Director of the Department of Revenue to weigh all the facts in a given case and to engage in the difficult exercise of discretion to determine whether an important rule, a time limitation, which the legislature intends to be enforced, should be supervened. Having done so, he is authorized merely to make a recommendation to the county assessor, a county official to whom his order is ordinarily mandatory. *State ex rel. v. Smith et al.*, 197 Or 96, 252 P2d 550 (1953). The county assessor, in turn, is subject to a veto by the county commissioners. No standards for decision are defined for these local agencies. Is the taxpayer able to appeal to this court at each step? Is the statute defectively vague in these respects? "One indicator of defective vagueness is power granted to an executive officer

on the petition took place in Medford on November 20, 1974, with the general manager of petitioner, Mr. A. L. James, the only witness for the petitioner, present, together with two members of the county assessor's staff.

The department's opinion recites that the facts were not in dispute, the petitioner alleging that the inventory of canned pears in the amount of $1,202,856 was shipped before May 1, 1974, but not reported for cancellation of assessment because of failure to submit the required form to the county assessor. With respect to the application of ORS 307.475, the defendant's opinion states:

> "The Department, pursuant to ORS 307.475, may make a recommendation *only where failure* to make a timely filing *was due to absence, disability or illness* of such an extent as to prevent filing of the claim (or proof) during a substantial portion of the filing period. In this case it is evident that Petitioner failed to file the proof of assessment

---

selectively to enforce the law or stay enforcement more or less at his discretion. See Note, *The Void-for-Vagueness Doctrine in the Supreme Court*, 109 U Pa L Rev 67, 88 (1960). * * *" *Ivancie v. Thornton*, 250 Or 550, 557, 443 P2d 612 (1968). *See also State v. Hodges*, 254 Or 21, 457 P2d 491 (1969).

However, these questions have neither been raised nor argued in this suit, and the court cannot consider them. *Hickey v. Riley*, 177 Or 321, 162 P2d 371 (1945). The statute in question must be construed so that it satisfies the equal protection clause of the Fourteenth Amendment of the U.S. Constitution and Oregon's constitutional provision found in Or Const, Art I, § 32:

"* * * [A]ll taxation shall be uniform on the same class of subjects within the territorial limits of the authority levying the tax."

Unbridled discretion cannot be allowed. Two taxpayers with the same hardship reasons for not making a timely filing for relief under the processor's statute, *being of the same class*, cannot be subjected to a different tax burden. *See Penn Phillips Lands v. Tax Com.*, 247 Or 380, 430 P2d 349 (1967); *Standard Lbr. Co. v. Pierce et al.*, 112 Or 314, 327-328, 228 P 812, 816 (1924).

either through mere inadvertence, oversight or perhaps because of the bookkeeper's ignorance of the law. Under the circumstances, the Department must refuse to grant Petitioner's request." (Emphasis supplied.)

There is no question but that the value of the canned goods shipped would have been stricken from the assessment roll, exempting it from personal property taxes, had "there been a timely filing of a valid claim for exemption or cancellation of assessment, * * *." This creates the statutory "hardship" situation as to which the department can provide relief if "the failure to make timely application for the exemption or cancellation was by reason of *good and sufficient cause*." (Emphasis supplied.) Note should be taken that the determination is made in the "director's discretion." ORS 307.475(4).

The plaintiff presents alternative contentions: It first argues that the court erred in its decision in *Pratum Co-Op Whse. v. Dept. of Rev.*, 6 OTR 130 (1975), when it held that it would only reverse a decision of the Director of the Department of Revenue under the hardship statute if there was "caprice or a clear wrong." The plaintiff contends that it is entitled to a trial de novo on the issue of whether there was "good and sufficient cause." If the court declines to overrule its decision in *Pratum Co-Op Whse.*, plaintiff then seeks to show that it was "caprice or a clear wrong" for the director to find that there was no "good and sufficient cause" for plaintiff's failure to make a timely filing under the processor's statute.

■■ The court is first confronted with a question as to what powers it can exercise in the premises. Reviewability of an administrator's discretion is

fraught with problems.[9] The determination of "hardship" is the determination of a question of fact. The legislature has vested discretion in the Director of the Department of Revenue to determine this question. There is no reason to believe that the court's judgment should supplant the judgment of the director. Any attempt to do so might well be regarded as an infringement by the judiciary of the executive branch's jurisdiction, in violation of the constitutional separation of powers. *See Pratum Co-Op Whse., supra.*

The court is not lacking in jurisdiction but it is concerned as to the scope of review.[10] ORS 307.475 itself contains no specific limitation thereon but the question is presented to the court by the legislative use of the phrase in subsection (4), "* * * the director, in his discretion, * * *."

▆▆▆ Appeals to the Tax Court are ordinarily tried de novo in accordance with ORS 305.425. The use of the words "de novo" suggests that the court seeks to supplant the administrator's role, a suggestion which the court rejects as contrary to legislative intent. But without trying the case de novo, it would seem obvious that a court, having jurisdiction of an appeal from a discretionary judgment of an administrative agency, submitted without a record, may take evidence to determine whether the agency acted within the scope of its jurisdiction, legally, or upon sufficient evidence. 2 Am Jur2d *Administrative Law* § 699. Intelligent determination by the trial court requires it. (The plaintiff's testimony was completely presented in this suit.)

[9] At the federal level, confusion has reigned. *See* 4 Davis, *Administrative Law Treatise,* §§ 28.01 et seq. Goodwin, J., in *Ore. Newspaper Pub. v. Peterson,* 244 Or 116, 122, 415 P2d 21, 24 (1966), stated: "The role of judicial review of the exercise of delegated legislative powers has not beeen uniformly defined in our decisions, * * *."

[10] Note is taken of the statutory provision excluding appeals from the defendant's orders to the Tax Court from the state's Administrative Procedures Act; *see* ORS 183.315.

Nevertheless, this court should take notice that, in interpreting a law whose administration falls peculiarly within the expertise of an agency, and as to which the agency's chief officer is specifically granted "discretion," a judge should defer to the agency's construction. In order to avoid judicial infringement of the administrative agency's powers as a branch of the executive department, consideration should be given to the applicability of certain limitations which are found in Oregon Supreme Court decisions.

In *Ring v. Patterson*, 137 Or 234, 1 P2d 1105 (1931) (relating to the Board of Pilot Commissioners' discretion to grant pilot licenses), the court noted that the statutory presumption that official duty has been regularly performed includes the disputable presumption that a public officer has reasonably exercised the discretionary power vested in him. The court states at 239:

"* * * Nor can the writ [of mandamus] be converted into a proceeding to revise and overturn faulty judgments or coerce the defendant officer into exercising his judgment in harmony with what the court might think should be the proper conclusion: * * *." (Citations omitted.)

Mr. Justice LUSK, in *Tice v. State Ind. Acc. Comm.*, 183 Or 593, 599-600, 195 P2d 188, 191 (1948) (a case involving the exercise of discretion by the commissioners in extending a statute of limitation), noted that "discretion" is a word which "* * * has been defined in scores of cases * * *." He pointed out that discretion involves what appears to be just and proper under the circumstances and the significance varies according to the setting in which the word is found and the statutory purpose.[9] Discretion is the

---

[9] Plaintiff strongly asserts *Tice v. State Ind. Acc. Comm.*, 183 Or 593, 195 P2d 188 (1948), as authority for a trial de novo

power exercised by courts to determine questions to which no strict rule of law is applicable, but which, from their nature, and the circumstances of the case, are controlled by the personal judgment of the court. *State ex rel. Ricco v. Biggs,* 198 Or 413, 422, 255 P2d 1055, 1059, 38 ALR2d 720 (1953). These definitions appear equally applicable when discretion as to a particular act is specifically conferred upon the administrator of a state agency.

■ But "discretion" is not caprice. It ordinarily means sound discretion, not wilful or arbitrary, but regulated by well-known and established principles of law, or such as may be exercised without violating any principle of law. *Davis v. Shigley, Exr.,* 88 Ohio App 423, 425-426, 100 NE2d 261, 263 (1950). At the same time, the term "discretion" denotes the absence of a hard and fast rule; indeed, establishment of a clearly defined rule ends discretion. *Kujich v. Lillie,* 127 Mont 125, 137-138, 260 P2d 383, 389-390 (1953).

■ Because courts should not improperly intrude upon the administrator's exercise of discretion, they have often found it necessary to determine how far they should go in reviewing action taken by administrative agencies in specific instances. As was stated in *Richardson v. Neuner,* 183 Or 558, 564, 194 P2d 989, 991-992 (1948):

"The courts have frequently determined how far they should go in reviewing action taken by administrative agencies which possess quasi-judicial powers but which perform duties outside of the scope of the judicial branch. * * * Generally,

---

in the Tax Court, but its facts and law are distinguishable from those present herein. In *Tice,* the plaintiff was not granted any hearing and the agency's decision was based on examination of applications and forms and without making findings of fact. The adversary proceeding in the circuit court was the first full hearing meeting the requirements of due process.

they go no further than to determine whether the agency (1) acted impartially; (2) performed faithfully the duties delineated in the legislative acts which conferred jurisdiction upon it; (3) stayed within its jurisdiction; (4) committed no error of law; (5) exercised discretion judiciously and not capriciously; and (6) arrived at no conclusion which was clearly wrong."

*See also Ore. Newspaper Pub. v. Peterson,* 244 Or 116, 122, 415 P2d 21, 24 (1966); Parker, *The Contours of Oregon Administrative Law,* 1 Willamette LJ 145, 159 (1960).

An abuse of discretion on the part of the administrative agency is found where the agency does not act upon the facts presented to it or fails to obtain the factual data necessary for a proper result. See *United States v. Pierce Auto Lines,* 327 US 515, 66 S Ct 687, 90 L Ed 821 (1946), where the court held that the function of the reviewing court is limited to ascertaining whether there is warrant in the law and the facts for what the administrative agency has done. The court cannot usurp the function of the administrator as arbiter of the paramount public interest and substitute its own view for the administrator's judgment upon matters committed to his determination, if the record in the case supports the finding under the applicable law. There must be some specific respect in which there has been a prejudicial departure from requirements of the law or abuse of the administrative agency's discretion. In *Portland SS. Oper. v. Pilot Comm's,* 232 Or 495, 375 P2d 420 (1962); *Jehovah's Witnesses v. Mullen et al,* 214 Or 281, 330 P2d 5, 74 ALR2d 347 (1958), *cert denied,* 359 US 436, 79 S Ct 940, 3 L Ed2d 932 (1959); and *Riesland v. Bailey,* 146 Or 574, 31 P2d 183, 92 ALR 1207 (1934), the court emphasized that the facts on which the determination is made must be admitted or clearly proved, that the order must be supported by substantial evidence, that

302

ignoring the factual presentation made at the hearing would be arbitrary and capricious on the part of the administrator, and that the evidence must support the finding.

 The defendant's opinion and order states that: "* * * [P]ursuant to ORS 307.475, [the department] may make a recommendation *only where failure to make a timely filing was due to absence, disability or illness* of such an extent as to prevent filing of the claim (or proof) during a substantial portion of the filing period. * * *" (Emphasis supplied.)⑥

In the present case, the court finds that the defendant has erred by stating a "rule" that restricts it in exercising the discretion granted it by the legislature, and, in following its "rule," it may have ignored important testimony available to it and necessary to a decision.

The court finds that the defendant has not sufficiently advised itself as to the scope of the phrase "good and sufficient cause" used in ORS 307.475(2), and the phrase "the director, in his discretion," used in ORS 307.475(4), and, consequently, has not clearly visualized its duty thereunder.

The decided cases clearly show that there can be no specific meaning attributed to the words "good cause," or "good and sufficient cause"; each is an expression of a conclusion based upon the particular facts in a case which has been fully developed by testimony and has been carefully weighed by the trier of fact. This is illustrated in many Oregon cases; *e.g., Johnson v. Compensation Department,* 252 Or 276, 449 P2d 145 (1969); *Moberg et al v. Baker et ux,* 217 Or

---

⑥ Plaintiff has properly pointed out that, as a corporation, the words "absence, disability or illness" are not apt and the defendant's "standard" or "rule" is not appropriate to it.

551, 307 P2d 759 (1959); *State v. Ryan,* 114 Or 91, 234 P 811 (1925); *State v. Goldstein et al.,* 111 Or 221, 224 P 1087 (1924); *State v. Bateham,* 94 Or 524, 186 P 5 (1919); *Felts v. Boyer,* 73 Or 83, 144 P 420 (1914); *Mayer v. Mayer,* 27 Or 133, 39 P 1002 (1895); *Stevenson v. Morgan,* 17 Or App 428, 522 P2d 1204 (1974); *Brotherton v. Morgan,* 17 Or App 435, 522 P2d 1210 (1974); and *Fajardo v. Morgan,* 15 Or App 454, 516 P2d 495 (1973).

It is the opinion of the court that the defendant's restrictive "rule" is clearly wrong, since it is too narrow to come within the concepts of ORS 307.475.[7] (It apparently has never been promulgated or issued in any written form other than in the opinion of the administrator herein and in the letter written by the defendant's Hearings Section in the case of *Pratum Co-Op Whse., supra.*)

Accordingly, a decree shall issue from this court, remanding the cause to the defendant for further determination and the issuance of a new order, taking into account the legal interpretations of "hardship" and "good and sufficient cause" and the requirements of a full hearing and consideration of plaintiff's testimony regarding the issue of exemption on account of hardship for the tax year 1974-1975, unless the parties stipulate the determination of this cause within fifteen days hereafter.

Each party is to bear its own costs.

---

[7] In *Pratum Co-Op Whse., supra* n 1, at 135, this court stated: "The court, under the facts of the present case, can find nothing to criticize in defendant's established boundaries [oversight, inadvertence, ignorance]. * * *" With added counsel, gained in the present case, the court affirms the *Pratum* result, but condemns the "rule." When the legislature grants discretion, there should be no limit thereon. The rule of reason must be applied to each set of facts, case by case.