Plaintiff appealed to this court from defendant's Order No. VL 78-592, issued September 28, 1978. In that order, the department declared its lack of jurisdiction to exercise its supervisory authority under ORS 305.090 and 306.111 to correct an alleged error in the Marion County assessment rolls because plaintiff had failed to utilize his administrative remedies before the Marion County Board of Equalization.
Most of the pertinent facts are uncontroverted. Plaintiff contracted with a builder in September 1972 to build a residence on plaintiff's lot. Consideration for the residence and the land was about $43,000. Plaintiff moved into the residence in February or March 1973. At about that time, a physical appraisal of the subject property was made by the county assessor's appraiser. Although the appraiser ascertained the layout and quality of the structure, counted bedrooms and bathrooms, and gathered other required data for the assessor's records, he failed to carry out his basic duty to take physical measurements of the improvements. Instead, he merely copied measurements from plaintiff's house plans. In doing so, the appraiser incorrectly copied some measurements from the plans and then computed a total square footage (which later was transferred to the assessor's records) of 2,606 square feet instead of the correct square footage of 2,169. Cost factors were then applied to this erroneous square footage to arrive at the appraised value of the subject property. In succeeding years, this appraised value was increased by indexing, based upon annual studies by the assessor's staff of numerous sales of residential properties.
A comparison of the assessed values and the true cash values as contended by the plaintiff (based upon the correct square footage) shows: *Page 116 
 Total Plaintiff's Dollar Tax Year Assessed Value Contended Value Difference
 1974-1975 $45,400 $40,850 $4,550 1975-1976 45,400 40,850 4,550 1976-1977 45,400 40,850 4,550 1977-1978 54,930 49,470 5,460 1978-1979 65,920 59,360[1] 6,560
[1] This was the value established by the county board of equalization, after plaintiff learned he should appeal to it, and is now on the rolls for 1978-1979. Plaintiff is challenging only the assessed values of the first four tax years above.
In May 1978, while inquiring about the assessed value on his home for the 1978-1979 tax year, plaintiff for the first time discovered the error in the assessor's records, stemming from the erroneous square footage data. Plaintiff testified he then made a written request to the Marion County Assessor for an adjustment. Receiving no response, he appealed to the Marion County Board of Equalization. The board granted an adjustment for the 1978-1979 tax year (the one year within its jurisdiction) and reduced the assessed value for that year from $65,920 to $59,360. (The assessor's records have since been revised to include the correct square footage figure.)
Plaintiff next appealed to the Department of Revenue for an adjustment based on the corrected square footage for the four prior tax years. As stated above, the department dismissed that appeal for lack of jurisdiction. This court's review of defendant's opinion and order is limited to that issue.
This court is of the opinion the Department of Revenue did have the necessary jurisdiction to consider the merits of the plaintiff's appeal for two years, 1976-1977 and 1977-1978. The defendant's jurisdiction lies in ORS 311.205(4), not in its supervisory powers.
[1.] After the county board of equalization has completed its tasks and returned the rolls, pursuant to ORS 309.130, subsection (1) of ORS 311.205 grants *Page 117 
authority to the officer having charge of the rolls (initially the county assessor, followed by the tax collector, in most counties) to elect to correct the rolls upon discovering "errors or omissions of any kind therein, * * *" (with the concurrence of the assessor or of the Department of Revenue, as the case may require). The Supreme Court construed the words, "of any kind," in the case of State ex rel. v. Smith et al.,197 Or. 96, 252 P.2d 550 (1953), holding that this broad language "expands the power to correct the record beyond the limitations of mere clerical errors." (197 Or at 108, 252 P.2d at 555.) However, the court in that case was construing OCLA, § 110-820, as amended by Or Laws 1949, ch 69, a forerunner of the present act which was last amended in Or Laws 1977, ch 606. The present act, particularly subsections (2) and (3), makes it abundantly clear that the provisions of ORS 311.205 must now be read as restricting the area of corrections solely to "clerical errors," as defined in subsection (2), excluding errors in "valuation judgment," as specified in subsection (3).
Accordingly, the court reads ORS 311.205(5) (formerly a part of subsection (1)) also as being restricted to clerical errors discovered by (or brought to the attention of) the officer having charge of the rolls. It limits such officer "to rolls for any year or years not exceeding five years prior to the last roll so returned. * * *" Other language in subsection (5) requires the officer having charge of the rolls to make those changes required by the Department of Revenue, utilizing its supervisory powers, but the department's changes are subjected to time limitations contained in the same subsection which limit the supervisory orders to the current tax year. The department was correct in holding that it had no jurisdiction in the present suit under its supervisory powers.
However, Or Laws 1971, ch 472, § 3, gave to the Department of Revenue a new power, apart from its supervisory powers in ORS305.090 and 306.111, to act at its discretion (i.e., "may order") in certain cases. *Page 118 
That provision (limited to clerical errors, as above stated), now codified as subsection (4) of ORS 311.205, reads:
 "(4) Notwithstanding the time limitations for corrections contained in subsection (5) of this section, the department [Department of Revenue] may order the correction of the rolls for a separate assessment of property for any of the last two preceding years when all of the following conditions exist:
 "(a) The amount of the error is in excess of $2,000 or five percent of assessed value.
 "(b) The aggrieved individual has no statutory right of appeal remaining.
 "(c) The aggrieved individual has notified the department of the error within one year after the error becomes actually known to him."
The court has no doubt that the appraiser's incorrect entry into the assessor's records of the square footage of plaintiff's residence was a clerical error. Paraphrasing the language of ORS 311.205(2), the appraiser's error, "had it been discovered by the assessor prior to May 1 of the year of assessment would have been corrected as a matter of course, * * *," ergo, a clerical error.
The requirements of subsection (4) have all been proved to exist in the present suit. The plaintiff's exhaustion of administrative remedies is not mentioned as a requirement. (In fact, the language of ORS 311.205(4) hinges on a taxpayer's failure to advert to annual requirements as to remedies.) The Department of Revenue, therefore, had the jurisdiction to act with respect to the last two preceding tax years (i.e., 1976-1977 and 1977-1978 in this instance).
It will be necessary to remand the case to the Department of Revenue as provided by ORS 305.425(3) because the department must first determine whether it should exercise its discretion to utilize subsection (4) of ORS 311.205 and, if it decides to do so, it must then determine the true cash value of the *Page 119 
subject property for the tax years open to it under the statute.[2]
In its argument before this court, and in its Opinion and Order No. VL 78-592, the defendant based its lack of jurisdiction in part on Domogalla v. Dept. of Rev., 283 Or. 377,584 P.2d 256 (1978). That case is readily distinguishable on several grounds. It is sufficient here to state that it did not involve a clerical error; it did involve an opinion of value, not cognizable under ORS 311.205(4).
An order will be prepared and executed by the court in accordance with this decision.
[2] The court deems that the language of ORS 311.205(4), "the department may order the correction of the rolls * * *" (emphasis supplied), vests a discretion in the Director of the Department of Revenue, or his lawful delegate, to act or not to act. Such discretion is subject to this court's jurisdiction in severely limited situations. Rogue River Pack. v. Dept. ofRev., 6 OTR 293 (1976).