## IN THE OREGON TAX COURT

## ROCKWEST TRAINING CO., INC.
### *v.*
## DEPARTMENT OF REVENUE
### (TC 3232)

Elaine Ciafarone Tunzat, Garrett, Hemann, Robertson, Paulus, Jennings & Comstock, P.C., Salem, represented plaintiff.

Ted E. Barbera, Assistant Attorney General, Department of Justice, Salem, represented defendant.

Decision for defendant rendered December 7, 1992.

### CARL N. BYERS, Judge.

This matter is before the court on cross Motions for Summary Judgment.

Plaintiff filed its claim for property tax exemption after the April 1, 1991, deadline. It then appealed to defendant for relief under the hardship statute. ORS 307.475. Defendant, after hearing, found plaintiff's late filing was due to an employee's unawareness of the filing requirements. Defendant held that a lack of knowledge did not constitute "good and sufficient cause" required to obtain relief under ORS 307.475.[1]

---

[1] ORS 307.475(2) states:

"As used in this section, 'hardship' means a situation where property is subject to taxation but would have been exempt had there been a timely filing of a valid claim for exemption or cancellation of assessment, and where the failure to

In its opinion and order, defendant stated:

" 'Extraordinary circumstances' do not include late filing[s] due to the taxpayer's inadvertence, oversite [sic] or lack of knowledge regarding the filing requirements.' OAR 150-307.475."

Plaintiff claims defendant abused its discretion because the rule as quoted is too restrictive and prevents defendant from exercising its discretion as required, citing *Rogue River Pack. v. Dept. of Rev.*, 6 OTR 293 (1976).

While it is true the quoted statement does not include "generally," which is found in OAR 150-307.475, defendant did not err. The opinion and order does not purport to quote the entire rule, but to paraphrase it. The placement of the quotation marks indicate the defendant was merely quoting that portion of the rule supporting its conclusion. There is no indication defendant failed to follow the rule as promulgated.

■ The court notes defendant formally promulgated OAR 150-307.475 after *Rogue River Pack.* was decided. Accordingly, the holding of that case is subject to any change effected by the rule. Also, in *Rogue River Pack.*, the court was attempting to preserve the broad meaning of the words "good and sufficient cause," as intended by the legislature. The object of plaintiff's concern are the words "extraordinary circumstances," words which are *not* found in the statute. Now, therefore,

IT IS ORDERED plaintiff's Motion for Summary Judgment is denied, and

IT IS FURTHER ORDERED that defendant's Motion for Summary Judgment is granted.

---

make timely application for the exemption or cancellation was by reason of good and sufficient cause."