DECISION
Plaintiff appeals Defendant's Wholesaler License Revocation Notice, dated September 28, Oral argument was held in the Oregon Tax Courtroom, Salem, Oregon, on September 10, Gordon Hanna, Attorney at Law, appeared on behalf of Plaintiff. Joseph Laronge, Assistant Attorney General, appeared on behalf of Defendant.
 I. STATEMENT OF FACTS
Defendant revoked Plaintiff's wholesaler license on September 28, 2007. In its letter, Defendant stated that "ORS 323.140 authorizes the Department of Revenue to revoke a license issued if a wholesaler fails to comply with any requirements under ORS chapter 323. The standard for revoking a wholesaler license is the same as for revoking either a cigarette or other tobacco products distributor license." (Ptf's Compl at 2.) Defendant wrote that "Purveyor has violated requirements of ORS Chapter 323 with regard to Purveyor's Other Tobacco Product Distributor license. That license was revoked as of July 20, 2007." (Id.) Plaintiff states that "Purveyor does not dispute that the distributor license should have been revoked, has not appealed that decision, and has accepted full responsibility for those delays, including paying the Department a sizable penalty on top of all of the distributor OTP [Other Tobacco Products] taxes owed. (Ptf's Reply Br at 3.) *Page 2 
Plaintiff alleges that "the Department abused its discretion in attempting to revoke Purveyor's wholesaler license without a full consideration of the facts. * * * [T]here is no just reason to also withdraw Purveyor's wholesaler's (sic) license." (Id. at 3, 4.) Defendant concludes that it was "not `clearly wrong' to expect that the plaintiff will violate tobacco laws in the future" given "a four year history of violations of tobacco laws." (Def's Resp Br at 6, 7.)
 II. ANALYSIS
The parties agree that the court's standard of review of Defendant's decision to revoke Plaintiff's wholesaler license is abuse of discretion. (Ptf's Br at 1; Def's Resp Br at 2.) When evaluating abuse of discretion, the court reviews Defendant's decision in the context of whether Defendant acted in an "arbitrary, capricious or wrongful manner[,]" Perkins and Wiley v. Dept. of Rev., 13 OTR 426, 428 (1995) (citing Corvallis Country Club v. Dept. of Rev., 10 OTR 302, 307 (1986), or whether Defendant's decision is "clearly wrong." Martin Bros. v. TaxCommission, 252 Or 331, 338, 449 P2d 430 (1969) (citing Richardson v.Neuner, 183 Or 558, 564, 194 P2d 989 (1948). The court cannot "substitute its own view for the administrator's judgment" when review is statutorily given to Defendant. Rogue River Pack v. Dept. ofRev., 6 OTR 293, 301 (1976). To make its review, the court looks first at Plaintiff's evidence in support of its challenge .
"In all proceedings before the judge or a magistrate of the tax court and upon appeal therefrom, a preponderance of the evidence shall suffice to sustain the burden of proof. The burden of proof shall fall upon theparty seeking affirmative relief." ORS 305.427 (2005) (emphasis added). Plaintiff must establish its claim "by a preponderance of the evidence, or the more convincing or greater weight of evidence." Schaefer v. Dept.of Rev., TC No 4530 at 4 (July 12, 2001) (citing Feves v. Dept. ofRev., 4 OTR 302 (1971)). *Page 3 
Plaintiff asserts that Defendant's revocation of Plaintiff's wholesaler license was "arbitrary and capricious and clearly wrong." (Ptf's Br at 5.) Plaintiff concludes that Defendant's decision to revoke the license was based on Plaintiff's "untimely payment of the OTP tax applicable to distributors." (Ptf's Br at 5.) The court has no evidence to support Plaintiff's conclusion. Defendant's revocation notice states that Plaintiff "violated requirements of ORS Chapter 323 with regard to Purveyor's Other Tobacco Product Distributor license. That license was revoked * * *." (Def's Resp Br at 8.) The revocation notice does not contain a detailed explanation of the "violation" nor its relationship to Defendant's decision to revoke Plaintiff's wholesaler license. Given the statements that Defendant can "revoke a license issued if a wholesaler fails to comply with any requirements under ORS chapter 323" and "a cigarette wholesaler is subject to all the requirements of ORS323.005 to 323.482[,]" it could be inferred that Plaintiff must have violated one or more of the requirements under ORS chapter 323 and that was the basis for Defendant's decision to revoke Plaintiff's wholesaler license.[1] (Id.) This court cannot review Defendant's actions based on an "inference." The court's review is limited to Defendant's actual actions and the underlying reasons that formed the basis in taking such actions. "An abuse of discretion on the part of the administrative agency is found where the agency does not act upon the facts presented to it or fails to obtain the factual data necessary for a proper result." Rogue River Pack, 6 OTR at 301. Plaintiff submitted no evidence to support its allegations that Defendant failed to "act upon the facts presented to it." Id. The court was not presented with Defendant's record documenting the basis for its revocation determination. There was no record for the court to review and determine whether or not Defendant failed "to obtain the factual data necessary" to *Page 4 
make a reasoned decision. Id. No evidence was submitted to the court to use in its evaluation of Defendant's actions and determination of whether Defendant abused its discretion. Plaintiff failed to meet its burden of proof.
 III. CONCLUSION
Because Plaintiff failed to submit any evidence in support of its claim that Defendant abused its discretion, Plaintiff's requested relief must be denied. Now, therefore,
IT IS THE DECISION OF THIS COURT that Plaintiff's appeal is denied.
Dated this ___ day of November 2008.
If you want to appeal this Decision, file a Complaint in the RegularDivision of the Oregon Tax Court, by mailing to: 1163 State Street,Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 StateStreet, Salem, OR.
 Your Complaint must be submitted within 60 days after the date of theDecision or this Decision becomes final and cannot be changed.
 This document was signed by Presiding Magistrate Jill A. Tanner onNovember 6, 2008. The Court filed and entered this document on November6, 2008.
[1] During oral argument, Defendant's counsel presented Plaintiff's Other Tobacco Products returns and payments history. Defendant's counsel was not the person who made the determination to revoke Plaintiff's wholesaler license. The court was not presented with testimony or an affidavit from the person or persons who made that decision nor Defendant's record. *Page 1