IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

DANIEL J. O'NEILL, )
)
        Plaintiff, )   TC-MD 110957D
)
  v. )
)
MULTNOMAH COUNTY ASSESSOR, )
)
        Defendant. )  **DECISION**

     Plaintiff appeals Defendant's denial of the statutory discount allowed for property taxes

paid by November 15, for the 2010-11 tax year for accounts R278044, R244801, R235193, and

R235176. A telephone trial was held on January 12, 2012. Plaintiff appeared and testified on his

own behalf. Angelika Loomis (Loomis), Operations Supervisor, Multnomah County Division of

Assessment, Recording and Taxation, appeared and testified for Defendant.

     Plaintiff's Exhibit 1 and Defendant's Exhibits l through 3 were accepted without objection.

## I. STATEMENT OF FACTS

     Plaintiff testified that he was in Seattle, Washington, on November 15, 2010, and

presented three envelopes to a United States post office employee. Plaintiff testified that the

envelopes contained a total of four checks in remittance of Plaintiff's 2010-11 assessed property

taxes for the accounts at issue. Plaintiff testified that the tax payments were due that same day

and he purchased certificates of mailing for each of the three envelopes at the time of mailing.

Referencing the postmark date on the envelopes retained by Defendant, Loomis testified that

Plaintiff's payments did not arrive to Defendant's office until after December 19, 2010. (*See*

Def's Ex 1 at 2, 4, 6). Loomis testified that it is Defendant's practice to retain envelopes for

payments received after the due date; the envelopes from timely remittances are not retained.

The parties agree that Plaintiff has at least 12 tax accounts for real property located in Multnomah County. Plaintiff testified that an unspecified number of these accounts were paid by mortgage companies. Plaintiff testified that he received no notice from Defendant that the remittances arrived late, and that he did not find out until late in April 2011, that the remittances mailed in Washington were not received by Defendant until after December 19, 2010. (*See* Def's Ex 2 at 1.) Plaintiff testified that the late receipt of the payments prevented him from receiving the full three percent discount; the amounts of the enclosed remittances were insufficient to pay the assessed taxes without the discount. (Def's Ex 3 at 1.) Loomis testified that for the 2010-11 tax year, four of Plaintiff's tax accounts were delinquent. Loomis submitted evidence showing that in the previous tax year, 2009-10, Plaintiff's remittances were received late. (Def's Ex 3 at 3.)

Plaintiff testified that the three certificates of mailing demonstrate proof of his timely mailing of the remittances. (*See* Ptf's Ltr, January 12, 2012.) Plaintiff further testified that two additional certificates of mailing, one addressed to Multnomah County and another to Jackson County, were evidence that those tax payments were timely received. (*See id.*) Plaintiff testified that he mailed all five of the envelopes at the same time and place (Washington), and the certificates of mailing are adequate proof. (*Id.*) Plaintiff testified that on December 19, 2010, the date noted on the cancellation marks, Plaintiff was not in Washington or Oregon; he was in Atlanta, Georgia, for work-related training.

Loomis testified that after receiving Plaintiff's certificates of mailing she contacted the Seattle, Washington, United States Post Office. Loomis testified that a post office employee explained that envelopes and certificates of mailing are stamped with the same date at the time an envelope is presented and the certificate of mailing is purchased. Loomis testified that the

post office employee could not explain how an individual would have a certificate of mailing with a date different from the date stamped on the envelope. Loomis testified that Defendant concluded the certificates of mailing were unsatisfactory proof of Plaintiff's timely filing because the certificates "[did] not establish a correlation between the certificates and the envelopes postmarked December 19, 2010." (Def's Ex 1 at 1.) Loomis testified that based on that conclusion, Defendant denied Plaintiff the three percent timely filing discount.

## II. ANALYSIS

The standard for review in this case is whether Defendant abused its discretion in denying the property tax discount. *Jackson County Tax Collector v. Dept. of Rev.*, 12 OTR 498, 500 (1993). In order for this court to find that Defendant abused its discretion, there must be evidence that Defendant "acted capriciously or arrived at a conclusion which was clearly wrong." *Eyler v. Dept. of Rev.*, 14 OTR 160, 162 (1997) (internal citations omitted). More specifically, "[a]n abuse of discretion on the part of the administrative agency is found where the agency does not act upon the facts presented to it or fails to obtain the factual data necessary for a proper result." *Rogue River Packing Corp. v. Dept. of Rev.*, 6 OTR 293, 301 (1976). In evaluating whether Defendant abused its discretion, the court reviews the facts and evidence that Defendant considered and acted upon in arriving at its conclusion. *Purvey Distributing Co. v. Dept. of Rev.*, TC-MD 070800D (2008).

ORS 311.505[1] states, in pertinent part, that the first one-third of property taxes must be paid on or before November 15 each year, and that interest is charged until the property taxes are paid. ORS 311.505(1)-(2). Partial or full remittances of property taxes made by November 15 receive a discount. ORS 311.505(3). There is no statutory requirement that the county assessor

---

[1] All references to the Oregon Revised Statutes (ORS) and the Oregon Administrative Rules (OAR) are to 2009.

or tax collector notify a taxpayer that the deadline to qualify for the three percent discount has passed. Because Plaintiff did not remit full payment for the 2010-11 assessed taxes on or before November 15, Defendant denied Plaintiff the three percent discount and Plaintiff was assessed interest for the unpaid portion of his property taxes, in accordance with the applicable statute.

Statutory exceptions exist that allow property tax discounts to be granted even though remittances were received after November 15. ORS 311.507(1). However, the exceptions in that statute deal primarily with lateness caused by the county's own tardiness in mailing tax statements, the existence of defective records, or a failure by a county to mail statements or maintain the proper records. No evidence was offered by Plaintiff to support a finding that any of the enumerated exceptions are applicable to this case.

ORS 305.820(1)(a) permits a taxpayer to prove that a document was mailed on a date other than the date stated by a post office cancellation mark. The applicable portion of the statute provides:

> "[Remittances] [t]ransmitted through the United States mail * * * shall be deemed filed or received on the date shown by the cancellation mark or *other record of transmittal, or on the date it was mailed or deposited if proof satisfactory to the addressee establishes that the actual mailing or deposit occurred on an earlier date.*"

ORS 305.820(1)(a) (emphasis added).

To prove his date of mailing by a record of transmittal other than a cancellation mark, Plaintiff testified that he offered certificates of mailing to Defendant. The issue before the court is whether Defendant abused its discretion when it found the certificates of mailing to be unsatisfactory proof that the actual mailing occurred on a date earlier than the December 19, 2010, cancellation mark on the envelopes.

/ / /

Although the statute does not define the standard for satisfactory proof, the Oregon Administrative Rules (OAR) give guidance. OAR 150-305.820(2)(a)(D) states, in pertinent part:

> "If the * * * remittance * * * bears a postmark date dated later than the due date, it will be treated as having been mailed on or before the due date provided the person who is required to file the * * * remittance establishes by sworn affidavit that it was actually deposited on or before the due date in * * * a government mail receptacle before the last collection of mail for the place in which it was deposited."

OAR 150-305.820(2)(a)(D) is not applicable to the facts of this case for two reasons. First, Plaintiff here testified that he gave the envelopes containing the remittances to a post office employee and not that Plaintiff deposited his remittances "in a government mail receptacle before the last collection of mail * * *." Second, there is no evidence that Plaintiff submitted a sworn affidavit to Defendant.

OAR 150-305.820(3) sets forth a requirement for individuals who, like Plaintiff, wait until the deadline to mail a remittance:

> "If the person required to file the document has reason to believe that the mailing of the writing or remittance is so close to the deadline that it could possibly fail to meet the requirements of timely filing, *the writing or remittance should be mailed by registered or certified mail* so that the sender will be able to obtain an official receipt in verification of the date the document was mailed."

(emphasis added). This rule states that when timely filing may be questioned, registered or certified mail should be used to "obtain an official receipt in verification of the date the document was mailed." *Id*. A certificate of mailing is not one of the enumerated ways to evidence the date a remittance was mailed.

Even though Plaintiff did not follow the statutorily suggested method of verification, the rule does not specifically prohibit certificates of mailing nor does it suggest that these two types of mailings are the only acceptable forms. *Id*. A certificate of mailing features a postmark denoting the date an envelope was mailed, similar to registered mail and certified mail receipts.

(Ptf's Ex 1 at 1.)  Defendant alleges that the certificates of mailing do not "establish a correlation between the certificates and the envelopes postmarked December 19, 2010."  (Def's Ex 1 at 1.)  Neither the statute nor the administrative rules require a correlation between the mailing receipt and the envelope mailed.  The court's holding in *Day v. Department of Revenue* confirms that Plaintiff does not need to prove the contents of the envelopes on the face of the certificates of mailings in order to have satisfactory proof of timely mailing.  *Day v. Dept. of Rev.*, TC No 4892 at 8-10 (2010) (showing that the department improperly "declined to draw the inference that [the missing item corresponding to their certified mailing receipt] was taxpayers' * * * tax return" was sufficient to prevail).

In this case, Plaintiff submitted certificates of mailing for three envelopes.  Defendant and Plaintiff agree that Plaintiff has at least 12 property tax accounts.  Plaintiff offers no proof that the envelopes postmarked December 19, 2010, are the same envelopes for which Plaintiff submitted mailing certificates stamped November 15, 2010.  It is unknown if the certificates of mailings offered by Plaintiff were for envelopes mailed to Defendant with the timely payments for Plaintiff's eight other tax accounts.  Unlike Plaintiff's evidence, the taxpayers' evidence in *Day* supported their claim that a tax return was the document they mailed to the Oregon Department of Revenue (Department).  *Id.*  In *Day*, the taxpayers provided proof of timely mailing by offering evidence that their federal income tax return was mailed to the Internal Revenue Service with a copy of their Oregon state income tax return, and a certified mailing receipt showing that a document was mailed to the Department.  *Id.*  The Department failed to offer any physical evidence that rebutted the taxpayer's evidence.  *Id.*  In this case, Defendant presented evidence of envelopes postmarked December 19, 2010, for the same remittances Plaintiff alleges he mailed on November 15, 2010; this casts doubt on Plaintiff's explanation that

the three mailing certificates were issued for the same envelopes.

Plaintiff did not provide evidence satisfactory to Defendant to show that the certificates of mailing, stamped November 15, 2010, were issued for envelopes containing remittances for the four delinquent tax accounts. Loomis concluded that, given the postmark on the envelopes and the lack of additional or contrary evidence, Plaintiff's certificates of mailing were not satisfactory proof of timely mailing for the three envelopes Defendant received on December 19, 2010.

Based on the testimony and evidence, the court concludes that Defendant was within its discretion to find the certificates of mailing unsatisfactory proof that the mailing of the three envelopes occurred on a date earlier than the stamped postmarks of December 19, 2010.

### III. CONCLUSION

After carefully considering the testimony and evidence, the court concludes that Defendant did not abuse its discretion by denying Plaintiff a property tax discount for the four tax accounts identified as R278044, R244801, R235193 and R235176. Now, therefore,

IT IS THE DECISION OF THIS COURT that Plaintiff's appeal is denied.

Dated this ___ day of March 2012.

_____
JILL A. TANNER
PRESIDING MAGISTRATE

*If you want to appeal this Decision, file a Complaint in the Regular Division of the Oregon Tax Court, by mailing to: 1163 State Street, Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your Complaint must be submitted within 60 days after the date of the Decision or this Decision becomes final and cannot be changed.*

*This document was signed by Presiding Magistrate Jill A. Tanner on March 13, 2012. The Court filed and entered this document on March 13, 2012.*