PERKINS AND WILEY
an Oregon Partnership
*v.*
DEPARTMENT OF REVENUE
(TC 3714)

Gerald G. Watson, Salem, represented plaintiff (tax-payer).

Rochelle Nedeau, Assistant Attorney General, Department of Justice, Salem, represented defendant (department).

Decision for defendant rendered December 15, 1995.

**CARL N. BYERS, Judge.**

Plaintiff (taxpayer) appeals the Department of Revenue's (department) order declining to exercise its supervisory authority under ORS 306.115. The matter is before the court on the department's Motion for Summary Judgment. The issue is whether the department abused its discretion in ruling that a taxpayer's discovery of contamination on property after the normal appeal period is not an extraordinary circumstance justifying exercise of its supervisory authority. The court has considered the memorandums and oral arguments of the parties.

The subject property is located in Salem and consists of a 13,686 square foot main building, a 2,000 square foot warehouse, and the land thereunder. The site has been used as an industrial laundry and dry cleaning business for over 60 years. In more recent years, a motorcycle sales and service business has been conducted on a part of the property. The property had three underground tanks. Two of the tanks were last used in 1950 and held chemicals used in the dry cleaning business. The third tank contained heating oil to fuel a boiler inside one of the buildings. The assessed value of the property for 1991-92 was $221,590 and the assessed value for 1992-93 was $216,060. Taxpayer did not file an appeal for either year in the normal course. In the latter part of 1993, taxpayer learned that the property was contaminated and the estimated cost of clean-up would be $260,000. Taxpayer and the assessor agreed to an assessed value of $5,000 for land and improvements for the 1993-94 tax year. Taxpayer then petitioned the department, seeking a retroactive reduction in value for the 1991-92 and 1992-93 tax years.

The department considered the information submitted by taxpayer. It also obtained information from the assessor and conducted a telephone hearing with the parties. Based on the information that was presented and obtained, it determined that taxpayer had failed to show good and sufficient cause for not appealing to the board of equalization in the normal course. The department ruled that discovery of information about the condition of the property after the tax year has passed is not "good and sufficient cause."

ORS 306.115[1] is a grant of supervisory authority to the department to "do any act or give any order" it deems necessary so that all property is taxed or exempted according to law. This is a grant of discretionary authority to an administrative agency. Accordingly:

"The court may overrule the department only if it finds that the discretion was exercised in an arbitrary, capricious or wrongful manner." *Corvallis Country Club v. Dept. of Rev.*, 10 OTR 302, 307 (1986).

The relevant portion of the statute in this case is ORS 306.115(3), which provides:

"The department may order a change or correction applicable to a separate assessment of property to the assessment or tax roll for the current tax year and for either of the two tax years immediately preceding the current tax year if for the year to which the change or correction is applicable:

"(a) The assessor or taxpayer has no statutory right of appeal remaining and the department determines that good and sufficient cause exists for the failure by the assessor or taxpayer to pursue the statutory right of appeal; or

"(b) The department discovers other reason to correct the roll which, in its discretion, it deems necessary to conform the roll to applicable law without regard to any failure to exercise a right of appeal."

The remedy provided by this statute is "extraordinary" and falls outside the normal appeals procedure. *ESCO Corp. v. Dept. of Rev.*, 307 Or 639, 645, 772 P2d 413 (1989). The purpose of a taxpayer's petition under ORS 306.115 is to assist the department in discovering information upon which it may exercise its discretionary review. *FSLIC v. Dept. of Rev.*, 11 OTR 389, 391 (1990).

ORS 306.115(4) indicates that the supervisory appeals process involves two steps:

"Before ordering a change or correction to the assessment or tax roll under subsection (3) of this section, the department may determine whether any of the conditions specified in subsection (3) of this section exist in a particular

---

[1] All references to the Oregon Revised Statutes and accompanying administrative rules are to the 1993 Replacement Part.

case. If the department determines that one of the conditions specified does exist, the department shall hold a hearing to determine whether to order a change or correction in the roll."

Under this statute, the department does not consider the value of property until it first determines that the conditions found in subsections (3)(a) or (3)(b) have been met. To assist it in making this first-step determination, the department has adopted administrative rules. Inasmuch as no claim is made that taxpayer falls within subparagraph (b) of ORS 306.115(3), it is unnecessary to discuss the administrative rules under that subparagraph.

Taxpayer claims that, under ORS 306.115(3)(a), it had "good and sufficient cause" for failing to timely appeal. OAR 150-306.115(3)(a)(B) states: " 'Good and sufficient cause' shall be interpreted as under ORS 307.475 and OAR 150-307.475."[2] OAR 150-307.475(2) defines good and sufficient cause as an "extraordinary circumstance beyond the control of the taxpayer * * * which causes a late filing." The rule includes illness, absence, disability, or delays in receipt of necessary documents which prevents a reasonable and prudent taxpayer from filing in a timely manner. OAR 307.475(2)(a)(A), (B). An extraordinary circumstance also includes reasonable reliance on misinformation provided by tax administrators. OAR 150-307.475(2)(a)(C). The rule indicates that an extraordinary circumstance generally does not include lack of knowledge, inadvertence, oversight, financial hardship or reliance on information provided by nongovernment advisers. OAR 150-307.475(2)(b).

Taxpayer contends that the rules are either too narrowly drawn or too narrowly interpreted. Specifically, taxpayer argues that the rules exclude "reasonable, economically efficient behavior that should be encouraged, not discouraged." Taxpayer cites *Rogue River Pack. v. Dept. of Rev.*, 6 OTR 293 (1976), where this court held the department's definition of good and sufficient cause was too restrictive and prevented the department from exercising its discretion

---

[2] ORS 307.475 permits a property owner to obtain a property tax exemption even though the owner failed to file a timely claim if denial of the exemption would constitute a hardship and the owner had a good and sufficient cause for failing to file.

appropriately. However, the department formally promulgated OAR 150-307.475 after the *Rogue River Pack.* decision.

■■ The court concludes that the department's administrative rules are not too narrowly drawn. OAR 150-307.475-(2)(a) states that extraordinary circumstances "include but are not limited to" several specified circumstances. This open-ended language is not restrictive. Further, defining good and sufficient cause as an "extraordinary circumstance beyond the control of the taxpayer," is not an abuse of discretion because ORS 306.115 is an extraordinary remedy. In that context, the rule's definition of good and sufficient cause is not too narrow nor an abuse of discretion contrary to statute.

Taxpayer also contends that the rule is too narrowly interpreted. It appears that, as a matter of policy, the department generally treats a lack of knowledge as an insufficient basis for granting a supervisory appeal. In this case, taxpayer discovered the property's contamination after expiration of the normal appeal period. In declining to grant supervisory jurisdiction, the department's order states:

"Unfortunately, a recent discovery of a physical situation on the property is not considered an extraordinary circumstance outside the control of the taxpayer."

Taxpayer acknowledges that there may be some circumstances where late discovery of a physical condition is not considered good and sufficient cause for a late filing because a reasonable and prudent taxpayer would discover the condition in a timely manner. For example, termite damage to a residence is not so expensive or difficult to discover that prudent owners would not attempt to discover the problem. However, taxpayer contends that the expense of ascertaining the extent of contamination is so great that it is not reasonable or prudent to expect taxpayers to incur the expense. In this case, the expense of determining the extent of contamination to taxpayer's property was approximately $98,000. Taxpayer contends that this degree of difficulty or cost is so great that, reasonably, it is outside taxpayer's control.

■ The court finds that the department has not interpreted the statute and rules too narrowly. Taxpayer argues

for a standard of reasonableness. However, the standard for review of the department's discretion is whether the department exercised its discretion in a capricious manner. This court may not substitute its judgment for that of the department in matters the legislature placed within the department's discretion. *Jim Fisher Motors, Inc. v. Dept. of Rev.*, 7 OTR 90, 94 (1977).

■      The department's determination, as a matter of policy, that after-acquired knowledge is not "good and sufficient cause" is not an arbitrary or capricious decision. Court cases from various jurisdictions demonstrate that the term "good and sufficient cause" has no fixed meaning when construed by courts. Any meaning determined by a court in a particular case "is an expression of a conclusion based upon the particular facts in a case which has been fully developed by testimony and has been carefully weighed by the trier of fact." *Rogue River Pack.*, 6 OTR at 302. When good and sufficient cause is construed by different courts, they arrive at different meanings. This is undoubtedly due in large part to the different contexts and circumstances of each case.

It is within the department's discretion to adopt a policy which reflects its consistent construction of the statute. Such a policy provides guidance for taxpayers, promotes uniformity of application of the statute, and is consistent with the discretion conferred. Defining good and sufficient cause as an extraordinary circumstance beyond the control of the taxpayer is not inconsistent with ORS 306.115. Moreover, determining that late discovered information about the condition of the property is not an extraordinary circumstance beyond the control of the taxpayer is not an abuse of discretion. Now, therefore,

IT IS ORDERED that department's Motion for Summary Judgment is granted.

Costs to neither party.