DECISION OF DISMISSAL
Plaintiffs appeal Defendant Department of Revenue's (Department) Conference Decision No 08-0135, dated April 16, 2009. Department's Motion to Dismiss, filed September 8, 2009, stated that Plaintiffs failed "to state ultimate facts sufficient to constitute a claim." (Def Department's Mot to Dismiss at 1.) Plaintiffs' response, filed January 27, 2010, requested the court to adjust "the MAV based on the actual square footage as specified in OAR 150-311.234." (Ptf's Ltr at 3, Jan 24, 2010.) Defendant-Washington County Assessor (Assessor) filed a response March 18, 2010, concluding that "the Assessor has no statutory authority to correct the MAV because no application was filed as required under ORS 311.234." (Assessor's Ltr at 4, Mar 18, 2010.)
On April 21, 2010, the court filed an Order, requesting additional information from Department. (Order at 6.) In response, Department filed a Motion for Reconsideration or For Clarification (Motion) on May 12, 2010.
Plaintiffs timely appealed Department's Conference Decision (Conference Decision). The court's standard of review of Department's Conference Decision is abuse of discretion. When evaluating abuse of discretion, the court reviews Department's decision in the context of *Page 2 
whether Department acted in an "arbitrary, capricious or wrongful manner[,]" Perkins and Wiley v. Dept. of Rev.,13 OTR 426, 428 (1995) (citing Corvallis Country Club v. Dept. ofRev., 10 OTR 302, 307 (1986)), or whether Defendant's decision is "clearly wrong." Martin Bros. v. Tax Commission,252 Or 331, 338, 449 P2d 430 (1969) (citing Richardson v. Neuner,183 Or 558, 564, 194 P2d 989 (1948)). The court cannot "substitute its own view for the administrator's judgment" when review is statutorily given to another entity. Rogue River Pack v. Dept. of Rev.,6 OTR 293, 301 (1976). To make its review, the court looks first at Plaintiffs' evidence in support of their challenge.
"In all proceedings before the judge or a magistrate of the tax court and upon appeal therefrom, a preponderance of the evidence shall suffice to sustain the burden of proof. The burden of proof shall fall uponthe party seeking affirmative relief." ORS 305.427 (2005) (emphasis added). Plaintiffs must establish their claim "by a preponderance of the evidence, or the more convincing or greater weight of evidence." Schaefer v. Department of Revenue, TC No 4530 at 4 (July 12, 2001) (citing Feves v. Dept. ofRevenue, 4 OTR 302 (1971)).
Plaintiffs' primary evidence addressing their assertion that Department abused its discretion was a copy of Department's Conference Decision. Plaintiffs request that the court overturn Department's Conference Decision denying Plaintiffs' request that Assessor adjust the maximum assessed value of their property, identified as Account R2078990, for tax years 2004-05, 2005-06, 2006-07, and 2007-08. In their Complaint, Plaintiffs included tax years 2008-09 and 2009-10. The court denies Plaintiffs' request. *Page 3 
A. Tax years 2004-05 and 2005-06
Department's Conference Decision states that "[t]ax years 2004-05 and 2005-06 are outside the department's jurisdiction under ORS 306.115." (Ptfs' Compl at 6.) ORS 306.115(3) (2005) states in pertinent part that "[t]he department may order a change or correction applicable to a separate assessment of property to the assessment or tax roll for the current tax year and for either of the two tax years immediately preceding the current tax if for the year to which the change or correction is applicable the department discovers reason to correct the roll * * *." Department's Conference Decision stated that the "current tax year for this appeal is the 2008-09 tax year." (Ptfs' Compl at 5.) There was no evidence to the contrary. Department's Conference Decision stated that "[t]he two tax years immediately preceding the current tax year [2008-09] are 2006-07 and 2007-08," and concluded that ORS 306.115 does not grant Department the statutory authority to order a change or correction for tax years [2004-05 and 2005-06] that precede [by more than two years] the immediate tax year. (Id.) In reaching its conclusion that the tax years appealed are "outside its jurisdiction," (Ptfs' Compl at 6.) Defendant did not abuse its discretion.
B. Tax years 2006-07 and 2007-08.
For tax years 2006-07 and 2007-08, Department's Conference Decision concluded that it did not have "jurisdiction to review the substantive issues of petitioner's appeal." (Id.) Department's Conference Decision stated that Plaintiffs were seeking "to resolve" an "inequality in taxes assessed." (Id. at 4.) Department concluded that "[t]his inequality is explained in large part by the fact that the RMV [real market value] placed on the roll in 2000, when the MAV *Page 4 
[maximum assessed value] was established, was based on the incorrect square footage. Although the RMV was latter (sic) corrected, the MAV was not."[1] (Id.) Department concluded that "the time to appeal the 2000-01 RMV and MAV was in 2000." (Id. at 5.)
Department's Conference Decision stated that "[t]he petitioner does not object to the RMV of the subject property on the tax rolls for the years in question." (Id. at 4.) Plaintiffs concern before the Department was the maximum assessed value, which was the assessed value for tax years 2006-07 and 2007-08. Maximum assessed value is a statutory value based on 90 percent of the real market value of the property as of 1995 or the real market value at the time the property was added to the tax roll. ORS 308.153(1)(b); see also ORS 308.149(3)(a). The law provides that for each successive year, the maximum assessed value in most cases will increase no more than three percent a year. Or Const, Art XI, § 11(1)(b); see also ORS 308.146(1). This court has previously held that a taxpayer's right to appeal maximum assessed value is limited.
A statutory provision, ORS 311.234, permitting maximum assessed value to be adjusted in certain circumstances, was enacted in 2001 by House Bill 2440. Or Laws 2001 ch 764 § 2. ORS 311.234(1) and (2)[2] state in pertinent part that a property owner or "person obligated to pay *Page 5 
taxes imposed on property may petition the county assessor for a correction in the maximum assessed value of the property for the current tax year * * * if there is a demonstrated difference between the actual square footage of the property as of the assessment date for the current tax year and the square footage of the property as shown in the records of the assessor for the tax year." ORS 311.234(5) states that "[a] petition filed under this section must be on the form and contain the information prescribed by the Department of Revenue and must be filed with the county assessor on or before December 31 of the current tax year."
In its Motion, Department disputed that the issues before it included a petition (filed by Plaintiffs) "to correct the MAV." (Department's Mot at 2.) Assessor states that it "has no statutory authority to correct the MAV because no application was filed as required under ORS 311.234." (Assessor's Ltr at 4, Mar 18, 2010.) Department's attorney, James Wallace, wrote in his letter dated December 14, 2009, that "ORS 311.234(5) also prescribes a required procedure for relief and the complaint does not allege that this procedure was followed."
ORS 311.234 places the responsibility on the property owner to file the petition; there is no statutory obligation on the part of the county assessor to make an adjustment to maximum assessed value absent a taxpayer filing a petition. Plaintiffs do not allege that a petition was filed. The outcome of this appeal is tied to the failure of the prior owner of the subject property to file a petition "on the form" containing the "information prescribed by the Department of Revenue" that requests the county assessor to adjust the maximum assessed value for an error in square footage. ORS 311.234(5). It is unfortunate that when the law was enacted there was no statutory requirement that the assessor change the maximum assessed value when the real market value is changed for a "demonstrated difference" in square footage. ORS 311.234(2). This case shows that the statutory requirement that a property owner "may" file a petition requesting an *Page 6 
adjustment to maximum assessed value after an assessor adjusts the real market value of the subject property for a "demonstrated difference" in square footage can result in the property owner not obtaining the adjustment for which the statute was enacted.[3] Id. There is no statutory requirement that a county official notify a property owner of the petition requirement. If a change in procedure is necessary to accomplish the legislative intent, the legislature must enact it. Until there is a legislative change, Assessor, Department, and the court cannot ignore the statutory requirements that the property owner file a petition and that, if a property owner files a petition, it "must be on the form and contain the information prescribed by the Department of Revenue and must be filed with the county assessor on or before December 31 of the current tax year." ORS 311.234(5).
In the case before the court, the property owner prior to Plaintiffs did not file a petition. Plaintiffs do not allege that they filed a petition or having failed to file a petition how they come within the provisions of the statute. There is no justiciable issue before the court. Now, therefore, *Page 7 
IT IS THE DECISION OF THIS COURT that this matter be dismissed;
IT IS FUTHER DECIDED that the court's Order, filed April 21, 2010, is vacated; and
IT IS FURTHER DECIDED that Defendant's Motion for Reconsideration or For Clarification filed May 12, 2010, is moot.
Dated this ___ day of September 2010.
If you want to appeal this Decision, file a Complaint in theRegular Division of the Oregon Tax Court, by mailing to:1163 State Street, Salem, OR 97301-2563; or by hand delivery to:Fourth Floor, 1241 State Street, Salem, OR.
 Your Complaint must be submitted within 60 days after the date ofthe Decision or this Decision becomes final and cannot be changed.
 This document was signed by Presiding Magistrate Jill A. Tanneron September 13, 2010. The Court filed and entered this documenton September 13, 2010.
[1] Department's Motion states there is no agreement of fact that "there was a difference between the actual footage of the plaintiff's (sic) house and the square footage of the house in the assessor's records for the tax year." (Department's Mot at 1.) (Emphasis in original.) Department states that "the parties agree that the assessor's records were changed in April 2004 to correct the square footage of plaintiffs' house, and for the 2004-05 tax year through the present there has been no difference between the actual square footage of the plaintiff's (sic) house and the square footage of the house in the assessor's records." (Id. at 2.) Department's emphasis on "for the tax year" relates to Oregon Administrative Rule 150-311.234(4), which sets the procedure to calculate a new maximum assessed value and specifically states that the first step is to "[d]ivide the correct square footage by the square footage as currently shown in the assessment records." Department asserts that for the tax years before it the "correct" square footage and the square footage shown in the assessment records were the same. Because Plaintiffs' did not file a petition in compliance with ORS 311.234, the court does not have before it the procedure to calculate a new maximum assessed value and makes no determination if Department's assertion is valid with respect to the statute.
[2] ORS 311.234(1) and (5) are the same in each volume of the Oregon Revised Statutes (ORS) for 2003 and 2005. ORS 311.234(1) was amended in 2007 to state that the maximum assessed value may be correct "for demolishment or removal of a building in the current tax year." The amendment, "for demolishment or removal of a building in the current year," was removed in 2009 for property tax years beginning on or after January 1, 2009. ORS 311.234(5) was not amended in 2007 or 2009.
[3] On behalf of a constituent, Representative Jerry Krummel introduced legislation in 2001 to permit the county assessor to lower maximum assessed value when the real market value is lowered for an error in a subject property's square footage. That legislation was ultimately enacted as ORS 311.234, requiring the property owner to file a petition.