DECISION
Plaintiff appeals Defendant's, Department of Revenue (Department), Conference Decision No 07-0195, dated November 6, 2009, alleging that Defendant "abused its discretion when it (a) allowed submission of appraisal evidence more than two months after the close of the merits hearing and then ordered a second merits hearing be held to consider that evidence, and (b) in reliance upon that second hearing and the late appraisal evidence and testimony thereon, determined that the real market value for the subject property was $3,597,696 for the 2004-05 tax year and $4,054,258 for the 2005-06 tax year." (Ptf's Mot for Summ J at 1.) The parties stipulated to relevant facts and filed cross motions. Telephonic oral argument was held on November 10, 2010. Christopher K. Robinson, Attorney at Law, appeared on behalf of Plaintiff. Douglas M. Adair, Senior Assistant Attorney General, appeared on behalf of Department.[1] *Page 2 
 I. STATEMENT OF FACTS
Plaintiff and Defendant Washington County Assessor (County) agreed that the 2004-05 and 2005-06 real market values of Plaintiff's personal property identified as Account P2107945 were incorrect. (Dept's Conf Dec at 1, Nov 6, 2009.) Plaintiff petitioned Department to review the values "pursuant to its supervisory authority provided in ORS 306.115." (Id.)
Department convened the first merits conference on October 29, 2008. (Id.) The parties presented evidence. At or near the conclusion of that merits conference, Department's conference officer stated it was his "goal of getting these decisions out within 30 days" and "I've got everything I need." (Ptf's Ex B at 155; 158.)
In early January, 2009, Defendant-Assessor "submitted additional purchase cost and depreciation information for refurbished, unrefurbished and new Steelcase Avenir office furniture and office chairs. The information consisted of a study by the DOR, internet research conducted by the county, and information from the county's own purchase of the same type of furniture." (Dept's Conf Dec at 4.)
In a letter dated January 30, 2009, Plaintiff's representative wrote to the conference officer, objecting to the "intended consideration of the very late submission of evidence by Washington County." (Ptf's Ltr at 1, Jan 30, 2009.) Plaintiff, through its representative, raised issues of equity, fairness, surprise and possible ex parte communications. (Id.) *Page 3 
Department convened a second merits conference on May 21, 2009. (Dept's Conf Dec at 4.) In its Conference Decision, the conference officer responded to the issues raised in Plaintiff's January 30, 2009, letter:
 "While the rule [OAR 150-306.115-(C)(6)] does require the pre-conference exchange of appraisal reports, the option to receive a report late is tacitly allowed because the conference officer is granted the discretion as to whether or not to exclude the report provided after the deadline. OAR 150-306.115-(C)(6). Consistent with this discretion regarding additional evidence, the director or deputy director may modify the draft conference decision `on the basis of new evidence not included in the conference record' and, if so, must allow the conference participants 30 days to respond. OAR 150-306.115-(C)(8)(b). But for the department's ability to secure and review additional evidence after the conference, this subsection would not be necessary."
 (Id. at 6.)
The conference officer allowed the evidence and refuted the ex parte communication allegation. (Id. at 7.) The conference officer concluded that Plaintiff "failed to provide a preponderance of evidence to prove that the roll values should be changed." (Id. at 11.) The conference officer ordered a reduction in the tax roll values consistent with the Washington County assessor's recommendation. (Id.)
 II. ANALYSIS
Plaintiff timely appealed Department's Conference Decision. The court's standard of review of Department's Conference Decision is abuse of discretion. When evaluating abuse of discretion, the court reviews Department's decision in the context of whether Department acted in an "arbitrary, capricious or wrongful manner." Perkinsand Wiley v. Dept. of Rev., 13 OTR 426, 428 (1995) (citingCorvallis Country Club v. Dept. of Rev.,10 OTR 302, 307 (1986), or whether Defendant's decision is "clearly wrong." Martin Bros. v. Tax Commission,252 Or 331, 338, 449 P2d 430 (1969) (citing Richardson v.Neuner, 183 Or 558, 564, 194 P2d 989 (1948). The court cannot "substitute its own view for the administrator's *Page 4 
judgment" when review is statutorily given to another entity.Rogue River Pack v. Dept. of Rev., 6 OTR 293, 301 (1976). To make its review, the court looks first at Plaintiff's evidence in support of its challenge.
"In all proceedings before the judge or a magistrate of the tax court and upon appeal therefrom, a preponderance of the evidence shall suffice to sustain the burden of proof. The burden of proofshall fall upon the party seeking affirmative relief." ORS 305.427 (2005) (emphasis added). Plaintiffs must establish their claim "by a preponderance of the evidence, or the more convincing or greater weight of evidence." Schaefer v. Dept. of Rev., TC No 4530 at 4 (July 12, 2001) (citing Feves v. Dept. ofRev., 4 OTR 302 (1971)).
The parties agree that Plaintiff filed a petition with Department seeking administrative review after having failed to appeal its 2004-05 and 2005-06 personal property tax values to the Washington County Board of Property Tax Appeals. Plaintiff challenges Department's administrative review process, specifically the acceptance and consideration by the conference officer of Department's cubicle furniture study some months after the first merits conference concluded and the scheduling of a second hearing after the conference officer concluded the first merits conference with a statement that it was his "goal of getting these decisions out within 30 days" and stating "I've got everything I need." (Ptf's Ex B at 155; 158.) Plaintiff's expectations were not met when the conference officer accepted additional evidence from the county assessor after the first merits conference was concluded and delayed his decision until after a second merits conference was held and that additional evidence considered.
In reviewing Department's administrative review process when exercising its supervisory authority, this court has concluded that "[w]hen considering petitions filed under ORS 306.115, the department is not concerned with adjudicating property values as if on appeal so much as it is *Page 5 
with overseeing the entire property tax system in this state."ADC Kentrox v. Dept. of Rev. (ADC Kentrox),19 OTR 91, 101 (2006) (citations omitted.) "[T]hat statute [ORS 306.115] is not a second bite at the apple of tax appeals for those who fail to timely file an appeal in the first instance." (Id.)
Department's procedures to carry out its administrative review process related to ORS 306.115 are mostly unwritten. Department promulgated one rule, Oregon Administrative Rule (OAR) 150-306.115-(C), Property Tax Conference Procedures.[2] None of the procedures set forth in that rule were identified by Plaintiff as not being followed except (C)(6):
 "[a]ny appraisal report to be submitted into evidence must have been mailed to the department and all participants at least 10 days prior to the conference, or it must have been actually received by the department and all participants at least five working days prior to the conference. If an appraisal report is not exchanged timely, the conference officer may exclude the report and any testimony related to it."
OAR 150-306.115 (C)(6).
In support of the evidence exchange requirement, Plaintiff referred to Plaintiff's Exhibit E, an untitled document with a footer reading "Appraisal Methods for Real Property, Draft 6/17/2002 Draft." Plaintiff highlighted evidence exchange requirements similar to those stated in the above rule. (Ptf's Ex E at 2.)
Plaintiff alleges that the cubicle furniture study (study) was available at the time of the first merits conference[3] and should have been exchanged, and when it was provided to Plaintiff for the second merits conference, it should have been excluded because it was subject to the evidence exchange rule. The rule does not require that the conference officer exclude evidence *Page 6 
that fails to meet the exchange rule. The rule specifically gives the conference officer discretion ("may") to exclude the evidence and testimony. In the case before the court, the conference officer did not exercise his discretion to exclude the study or the related testimony. The conference officer's decision was not contrary to the rule.
Plaintiff left the conference with the expectation that the conference officer would make every effort to meet his "goal of getting" the decision "out within 30 days" and that the conference officer would make his decision based on the evidence and testimony submitted at the time of the conference hearing. (Ptf's Ex B at 155.) Plaintiff alleges that it was reasonable to conclude that the record was closed and it was unfair for the conference officer to keep the record open and then rely on the late submission to reach his decision. Plaintiff references Exhibit E, quoting:
 "Occasionally, the conference record may be left open to receive additional evidence or comments from either party. It is important to provide information and make responses according to the timelines established during the conference."
(Ptf's Mot for Summ J at 9 (emphasis in original).)
The parties agree that no timelines were established during the conference to "make responses." Plaintiff believes that, given the word "occasionally" in the above guideline and no request by the parties to keep the record open, it was clear the record was closed. (Id. at 10.)
OAR 150-306.115-(C)(8)(b) suggests that there are circumstances where Department can consider evidence not in the conference record, specifically where the director or deputy director modifies the conference officer's recommended decision on the basis of new evidence not included in the conference record. Plaintiff objects to a consideration of that rule because it is not the facts of this case; here, the conference officer did not submit a draft decision for review by the director or deputy director prior to allowing additional evidence. However, once the *Page 7 
evidence was allowed, in accordance with the rule, Plaintiff was given time to consider the evidence and even though not required by the rule a second merits hearing was held. That rule is significant because it clearly states that, in order for Department to carry out its duties of "overseeing the entire property tax system in this state[,]" Department may consider evidence not in the conference record. ADC Kentrox, 190 OTR at 101. The conference officer is one but not the only authorized Department representative considering the facts and evidence in arriving at a decision, and is not the individual given authority to sign the Department's Conference Decision. In this case, Department determined that the conference officer needed to consider the additional evidence, specifically the Department's study, prior to making a decision in the matter before it. The evidence was given to Plaintiff and a second merits hearing was held.
Disappointing as it may be to Plaintiff, there is no statute or rule prohibiting the actions taken by the Department. There is no evidence that Department failed to follow its rule, OAR 150-306.115-(C), Property Tax Conference Procedures.
"To the degree that a taxpayer may obtain relief under ORS 306.115, the taxpayer stands in a position similar to that of a third-party beneficiary, receiving the benefits of the department's efforts to implement a larger scheme." ADC Kentrox,190 OTR at 101. In the case before the court, Department concluded that it should consider additional evidence prior to making a final decision and, unfortunately, for Plaintiff the third-party benefit it received was not the relief it was seeking.
 III. CONCLUSION
Based on the evidence presented, the court finds that Department did not abuse its discretion. Department used its administrative process to carry out its duties. Now, therefore, *Page 8 
IT IS THE DECISION OF THIS COURT that Defendants' Cross Motions for Summary Judgment are granted; and
IT IS FURTHER DECIDED that Plaintiffs Motion for Summary Judgment is denied.
Dated this ___ day of February 2011.
If you want to appeal this Decision, file a Complaint in theRegular Division of the Oregon Tax Court, by mailing to:1163 State Street, Salem, OR 97301-2563; or by hand delivery to:Fourth Floor, 1241 State Street, Salem, OR.
 Your Complaint must be submitted within 60 days after the dateof the Decision or this Decision becomes final and cannot bechanged.
 This document was signed by Presiding Magistrate Jill A.Tanner on February 16, 2011. The Court filed and entered thisdocument on February 16, 2011.
[1] Defendant Washington County Assessor (County) did not appear at the oral argument, instead "rel[ying] on written arguments previously submitted to the court." (County's Ltr, Nov 2, 2010.)
[2] Reference to the Oregon Administrative Rules (OAR) are to 2009.
[3] Defendant alleges that the study was not available. Whether the study was available or not at the time of the first conference is not dispositive because the rule gives the conference officer discretion to exclude the evidence. The rule does not mandate the exclusion of evidence submitted beyond the allowable exchange period. *Page 1