IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Income Tax

| | | |
|---|---|---|
| PATRICK BROTHERS and PATRICIA GREGORY, | ) ) ) | |
| Plaintiffs, | ) ) | TC-MD 110990D |
| v. | ) ) | |
| DEPARTMENT OF REVENUE, State of Oregon, | ) ) ) | |
| Defendant. | ) | **DECISION** |

Plaintiffs appeal Defendant's denial of waivers for substantial underpayment of income tax and post amnesty penalties for the 2007 tax year. The parties filed cross-motions for summary judgment. There is no factual dispute. This matter is now ready for decision.

## I. STATEMENT OF FACTS

Plaintiffs' 2007 Oregon income tax return was selected for audit on July 23, 2010. (Stip Facts at 1.) On their Federal income tax return Schedule A, Plaintiffs claimed a non-cash charitable contribution. (*Id*.) Defendant notified Plaintiffs that their non-cash charitable contribution deduction in the amount of $27,300 was disallowed. (*Id.*) Defendant issued Plaintiffs a Notice of Deficiency on August 30, 2010, assessing income tax, interest, a Substantial Understatement of Income Penalty and a Post Amnesty Penalty (Penalties). (*Id.*)

On September 7, 2010, Plaintiffs submitted a written request to Defendant for a conference, seeking waiver of the Penalties. (*Id*. at 3.) After the conference, Defendant denied Plaintiffs' request for discretionary waiver of both Penalties. (*Id.*)

/ / /

/ / /

On March 3, 2011, Plaintiffs submitted an amended 2007 Oregon income tax return, reporting a number of adjustments, including several related to a rental property in Arizona.[1] (*Id.*) Plaintiffs' amended 2007 Oregon income tax return was processed on December 8, 2011. (*Id.*) After processing Plaintiffs' amended Oregon tax return, Defendant reduced Plaintiffs' previously assessed Oregon income tax. (*Id.*)

Defendant determined that the changes made to the amended return did not decrease the penalties imposed. (*Id.*) Defendant concluded that those penalties were based on a single audit adjustment in the amount of $27,300 for non-cash charitable contributions claimed by Plaintiffs on their Federal income tax schedule A. (*Id.*)

Plaintiffs allege that they acted in good faith when they filed their 2007 Oregon income tax return and should not be charged the Penalties. (*Id.* at 4.) Plaintiffs allege they demonstrated good faith by filing their 2007 Oregon income tax return timely. (*Id.*) Plaintiffs also allege that they demonstrated good faith because they contacted the Internal Revenue Service (IRS) seeking assistance as to how to report their non-cash charitable contribution. (*Id.*) Plaintiffs allege that their contact with the IRS was documented in a memo that they filed with their 2006 Oregon income tax return. (*Id.*) Plaintiffs allege that they met Defendant's waiver requirement of "good faith" for the Substantial Understatement of Income Penalty by attaching the memo to their 2006 Oregon income tax return, and the memo is also evidence of the substantial authority they relied upon when they filed their 2007 Oregon income tax return. (*Id.*) Plaintiffs admit that the memo was not attached to their 2007 Oregon income tax return. (*Id.*)

Plaintiffs state that they did not file an amended Oregon income tax return during the amnesty period because they had no to reason to believe their 2007 Oregon income tax return

---

[1] Plaintiffs' amended 2007 Oregon income tax return included a depreciation adjustment to Federal income tax schedule C and other adjustments to their Federal income tax schedule E.

was incorrect. (*Id.*) Plaintiffs assert Defendant should have acted timely by auditing their 2007 income tax return during the amnesty period. (*Id.*)

Plaintiffs allege that if penalties are to be imposed, the amounts of the Penalties imposed by Defendant are in error. Plaintiffs conclude that the Penalties should be based on Plaintiffs' Oregon income tax liability stated on their amended Oregon income tax return that was received by Defendant on March 3, 2011. (*Id.*)

## II. ANALYSIS

Plaintiffs' requested that Defendant waive or reduce the Penalties it imposed. Defendant has discretionary authority to waive the Penalties imposed on Plaintiffs. *See* OAR 150-314.402(4)(b); OAR 150-305.100-(C).[2] Plaintiffs allege that because Defendant denied their penalty waiver requests, Defendant abused its discretion.

When evaluating abuse of discretion, the court reviews Defendant's decision in the context of whether Defendant acted in an "arbitrary, capricious or wrongful manner[,]" *Perkins and Wiley v. Dept. of Rev.*, 13 OTR 426, 428 (1995) (citing *Corvallis Country Club v. Dept. of Rev.*, 10 OTR 302, 307 (1986)), or whether Defendant's decision is "clearly wrong." *Martin Bros. v. Tax Cmm'n*, 252 Or 331, 338, 449 P2d 430 (1969) (citing *Richardson v. Neuner*, 183 Or 558, 564, 194 P2d 989 (1948)). The court cannot "substitute its own view for the administrator's judgment" when review is statutorily given to Defendant. *Rogue River Pack v. Dept. of Rev.*, 6 OTR 293, 301 (1976). To make its review, the court looks first at Plaintiffs' evidence in support of its challenge.

"In all proceedings before the judge or a magistrate of the tax court and upon appeal therefrom, a preponderance of the evidence shall suffice to sustain the burden of proof. *The*

---

[2] Unless otherwise noted, all references to the Oregon Administrative Rules (OAR) are to 2009.

*burden of proof shall fall upon the party seeking affirmative relief \* \* \*.*" ORS 305.427

(emphasis added).[3]  Plaintiffs must establish its claim "by a preponderance of the evidence, or

the more convincing or greater weight of evidence." *Schaefer v. Dept. of Rev.*, TC No 4530,

WL 914208 \*2 (July 12, 2001) (citing *Feves v. Dept. of Rev.*, 4 OTR 302 (1971)).

1.  *Substantial understatement of income penalty*

Defendant imposes a Substantial Understatement of Income Penalty if a taxpayer

substantially understates his or her taxable income.  *See* ORS 314.402(1).  ORS 314.402(1)

provides in pertinent part:

> "If the Department of Revenue determines that there is a substantial
> understatement \* \* \*, *there shall be added* to the amount of tax required to be
> shown on the return a penalty equal to 20 percent of the amount of any
> underpayment of tax attributable to the understatement of taxable income."

(Emphasis added).  " 'Shall' is a command: it is used in laws, regulations, or directives to express

what is mandatory." *Preble v. Dept. of Rev.*, 331 OR 320, 324 (2000) (citations omitted).  A

substantial understatement exists if a taxpayer understates taxable income by more than $15,000.

ORS 314.402(2)(a).  A substantial understatement "does not include items for which substantial

authority exists (or existed at the time the taxpayer claimed it on the return) for the tax treatment

of the item in question[.]"  OAR 150-314.402(4)(b)(2).  Substantial authority has the same

meaning as used in Treasury Regulation 1.6662-4(d).  *Id*.  Substantial authority includes but is

not limited to:

> "Applicable provisions of the Internal Revenue Code and other statutory
> provisions; proposed, temporary and final regulations construing such statues;
> revenue rulings and revenue procedures; tax treaties and regulations thereunder,
> and Treasury Department and other official explanations of such treaties; court
> cases; congressional intent as reflected in committee reports, joint explanatory
> statements of managers included in conference committee reports, and floor
> statements made prior to enactment by one of a bill's managers \* \* \*. "

---

[3] Unless otherwise noted, all references to the Oregon Revised Statutes (ORS) are to 2007.

Treas Reg § 1.6662-4(d)(iii) (as amended in 2003). If taxpayers substantially understate their taxable income and no substantial authority exists for the claimed deduction, Defendant must impose a 20 percent penalty on the amount of the tax underpayment "attributable to the understatement of taxable income." ORS 314.402(1). Plaintiffs agree that Defendant's determined that they understated their 2007 Oregon taxable income in excess of $15,000. (Stip Facts at 1.) However, Plaintiffs allege that they had substantial authority, based on a conversation with an IRS representative. (Stip Facts at 4.) Plaintiffs assert they "documented [the conversation] as a memo * * *." (*Id.*) The memo that contained Plaintiffs' conversation with the IRS representative was not submitted as evidence. Without the memo, the court does not know whether the memo represents substantial authority as described by Treasury Regulation 1.6662-4(d) (as amended in 2003). Thus the court has no evidence with which to judge whether Defendant abused their discretion in determining whether Plaintiffs properly relied upon substantial authority in preparing their 2007 Oregon state tax return. Plaintiffs' burden is to provide a preponderance of evidence in support of their position, but on this point they have provided no evidence.

Defendant can waive the Substantial Underpayment of Income Penalty if a taxpayer can show a reasonable cause and prove they acted in good faith. OAR 150-314.402(6). OAR 150-314.402(6) explains in pertinent part the standard for demonstrating good faith:

> "A taxpayer's reasonable cause and good faith for a substantial understatement of income is demonstrated by the *extent of the taxpayer's efforts* to determine the taxpayer's correct tax liability under the law."

(Emphasis added.)

Plaintiffs allege that they acted in good faith when filing their 2007 Oregon income tax return. (Stip Facts at 4.) Plaintiffs allege they demonstrated good faith by filing timely and by

contacting the IRS regarding the deduction in question, and therefore they should not be assessed the Substantial Underpayment of Income Penalty. (*Id*.)

Filing timely is unrelated to determining the correct income tax liability and does not meet Defendant's reasonable cause and good faith standard to waive imposed penalties. Plaintiffs did not submit evidence detailing their conversation with the IRS representative. Plaintiff submitted no evidence detailing the "extent of" their "efforts to determine" their "correct tax liability under the law[,]" as required by OAR 150-314.402(6). Given the lack of evidence showing that Plaintiffs demonstrated to Defendant that they had reasonable cause and good faith for a substantial understatement of their 2007 Oregon taxable income, the court concludes that Defendant did not act capriciously, arbitrarily, or in a wrongful manner in determining that Plaintiffs did not act in good faith in determining their correct Oregon income tax liability.

Plaintiffs also allege that the understatement penalty was incorrectly determined because that penalty should have been based on Plaintiffs' amended return received by the Defendant on March 3, 2011, and not the 2007 Oregon income tax return that they originally filed. (Stip Facts at 4.) An understatement penalty is "equal to 20 percent of the amount of any underpayment of tax attributable to the understatement of taxable income." ORS 314.402(1). " 'Understatement' means the excess of the amount of the taxable income *required to be shown* on the return for the taxable year over the amount of the taxable income which *is shown* on the return, * * *" reduced by any portion of the understatement that is attributable to substantial authority. ORS 314.402(4)(b)(A) (emphasis added). "The tax shown on the return is the amount of net tax determined for the taxable year *before* the taxpayer was first notified by the department concerning their tax liability. * * *." OAR 150-314.402(1)(4)(c) (emphasis added).

Defendant issued a Notice of Deficiency Assessment, dated August 30, 2010, to Plaintiffs based on Plaintiffs' filed 2007 Oregon income tax return. (Stip Facts at 1.) Plaintiffs filed an amended 2007 Oregon income tax return on March 3, 2011. (*Id*. at 3.) Because Plaintiffs had already been notified by Defendant concerning their 2007 income tax liability when they filed their amended 2007 Oregon income tax return, the Substantial Underpayment of Income Penalty was appropriately imposed based on Plaintiffs' filed 2007 Oregon income tax return. *See* OAR 150-314.402(1)(4)(c).

2. *Post amnesty penalty*

Plaintiffs' argue they should not be assessed a Post Amnesty Penalty because they had no reason to believe their 2007 Oregon income tax return as originally filed was incorrect. (*See* Stip Facts at 4.) Defendant concluded that because Plaintiffs failed to file an amnesty application and amnesty return, and are subject to a Substantial Understatement of Income Penalty, that a Post Amnesty Penalty was properly imposed. (Def's Cross-Mot for Sum J at 3-4.) Oregon Laws 2009, chapter 710, section 4(1) provides in pertinent part:

> "An amount equal to 25 percent of the total amount of unpaid tax that is otherwise due is added to the amount of outstanding tax liability for any tax year or reporting period for which amnesty could be sought under section 2 of this 2009 Act and for which the taxpayer failed to apply for amnesty and: (a) Failed to file a return or report; or (b) Filed an *original* or amended return that failed to report or *underreported tax liability*."

(Emphasis added.) An amnesty return "refers to the Oregon original or amended qualified tax return * * *." OAR 150-305.100-(C)(1)(c). Amnesty returns must have been filed not later than January 19, 2010." OAR 150-305.100-(C)(3). The Post Amnesty Penalty will "only be imposed on deficiencies or assessments that apply to tax years 2007 or earlier." OAR 150-305.100-(C)(7)(c).

Defendant "may waive the post amnesty penalty if a taxpayer demonstrates, to [Defendant's] satisfaction, that the failure to participate in the amnesty program was due to circumstances beyond their control." OAR 150-305.100-(C)(7)(d). Circumstances that are accepted by Defendant as "circumstances beyond the taxpayer's control include[s] but are not limited to" those enumerated in OAR 150-305.145(4).[4] OAR 150-305.145(4)(5)(b) also provides examples of what does not count as "circumstances beyond the taxpayer's control" including:

> "[]Reliance on a professional to merely prepare a return on time; []Reliance on an employee of the taxpayer to prepare a return on time; []Inability of the taxpayer to pay the tax unless there is also a cause listed in subsection (5)(a) of this rule."

Defendant denied Plaintiffs' request for waiver. (Stip Facts at 3.) Plaintiffs allege the Defendant abused its discretion in denying their waiver request because they were not aware of an error in their tax return that would have required them to file an amnesty return or seek amnesty. (*Id.* at 4.)

Plaintiffs stated that when they filed their *2006* Oregon income tax return, they included a memo regarding a conversation Plaintiffs had with an IRS representative. (*Id*.) (emphasis added.) According to Plaintiffs, the memo described how they understood the IRS representative

---

[4] OAR 150-305.145(4)(5)(a) lists the following examples of "circumstances beyond a taxpayer's control":
"(A)Death or serious illness of the taxpayer or a member of the taxpayer's immediate family; (B) Destruction by fire, a natural disaster, or other casualty of the taxpayer's home, place of business, or records needed to prepare the returns. (C) Unavoidable and unforeseen absence of the taxpayer from the state that began before the due date of the return; (D) A department employee provided erroneous written information to the taxpayer that caused the taxpayer to incur the penalty if: (i) The taxpayer's reliance on the erroneous written information caused the failure of the taxpayer to pay or file timely; (ii) The taxpayer supplied the department with complete information connected with the erroneous written information given; and (iii) The taxpayer could not reasonably be expected to be knowledgeable in the tax matter connected with the erroneous written information; or (E) The taxpayer's reliance on incorrect advice from a professional the taxpayer could reasonably assume was knowledgeable and experienced in the tax involved if**:** (i) The taxpayer's reliance on the advice caused the failure of the taxpayer to pay or file timely; (ii) The taxpayer supplied the professional with complete information connected with the advice given; and iii) The taxpayer could not reasonably be expected to be knowledgeable in the tax matter connected with the erroneous advice."

told them to determine their non-cash charitable contribution deduction. (*Id*.) For tax year 2007, Plaintiffs claimed a non-cash charitable deduction, relying on the same information from the IRS. (*Id*. at 1, 4.) Plaintiffs stated that they first became aware that Defendant disallowed their 2007 claimed non-cash charitable deduction after Defendant audited their 2007 return in July 2010. (*Id*. at 1.) The amnesty period, which is the time frame during which an amnesty application could be filed, was October 1, 2009, through November 19, 2009. OAR 150-305.100-(C)(1)(b). By the time Defendant audited Plaintiffs' 2007 Oregon tax return, the time to file an amnesty application had passed.

Plaintiffs were aware that their non-cash charitable contribution deduction was subject to challenge because the IRS conducted an audit of Plaintiffs' 2008 federal tax return. (Ptf's Rebuttal Cross-Mot for Summ J at 2, 5.) The IRS reviewed Plaintiffs claimed non-cash charitable contribution deduction for an Arizona rental property, stating on Plaintiffs' return that "the only use made of this home" was that Plaintiffs "gave away weeks of residence as charitable contributions[.]" (*Id*. at 5.) Even though the IRS allowed Plaintiffs some rental property deductions, the IRS concluded that "[Plaintiffs] may not, however, use the fair rental value of the property as [their] valuation" for a non-cash charitable contribution deduction. (*Id*.) After the IRS concluded its audit, Plaintiffs were on notice that fair rental value was not the correct method of valuing their claimed non-cash charitable contribution related to their Arizona rental property. Plaintiffs had a statutory obligation to notify Defendant of the IRS change to their filed 2008 federal income tax return. ORS 314.380(2)(a)(A).

Plaintiffs claim the IRS audit was "[c]oncurrent with the [Defendant's] audit of our 2007 [Oregon tax] return[.]" (Pft's Rebuttal Cross-Mot for Summ J at 2.) In their 2007 Oregon income tax return, Plaintiffs claimed the same non-cash charitable deduction for Plaintiffs'

Arizona rental property using the same method to quantify the amount of their claimed deduction. (Stip Facts at 1.) Defendant disallowed the deduction because Plaintiffs' valued the deduction using "fair market value that this property would have received in rent, had it been rented." (*Id.*)

If the IRS concluded their audit of Plaintiffs' 2008 federal tax return and notified Plaintiffs of its proposed audit adjustment before Oregon's amnesty period closed, Plaintiffs would have had notice that if they claimed the same deduction on their 2007 Oregon income tax return, they might have needed to file an amnesty return. An IRS audit concurrent with Defendant's audit might not have provided Plaintiffs with notice regarding their error prior to the close of the amnesty period. Plaintiffs have the burden of proof to show that Defendant abused its discretion in determining that Plaintiffs' failure to file an amnesty application did not qualify as a circumstance beyond their control. Plaintiffs' assertion regarding the timing of the IRS audit, without more, is not sufficient evidence to prove that they lacked notice within the amnesty period. No document or evidence other than Plaintiffs' statement about concurrent federal and state audits has been provided to the court stating when the IRS concluded their audit of Plaintiffs' 2008 federal income tax return and proposed its audit adjustment. Plaintiffs have not proven that they did not know their 2007 Oregon income tax return was in error, and have not proven any "circumstance beyond their control." OAR 150-305.145(4)(5)(a). The court finds that Defendant did not act capriciously, arbitrarily, or in a wrongful manner in determining that Plaintiffs' failure to file an amnesty application was due to "circumstances beyond" their "control." (*Id.*)

/ / /

/ / /

### III. CONCLUSION

The court concludes that Plaintiffs have failed to provide evidence sufficient to prove that Defendant abused its discretion in refusing to waive the Substantial Underpayment of Income Penalty. Plaintiffs failed to provide evidence sufficient to prove that the Substantial Underpayment of Income Penalty was incorrectly calculated. Plaintiffs failed to provide sufficient evidence to support their claim that Defendant abused its discretion in refusing to waive the Post Amnesty Penalty. Now, therefore,

IT IS THE DECISION OF THIS COURT that Plaintiffs' motion for summary judgment is denied.

IT IS FURTHER DECIDED that Defendant's motion for summary judgment is granted.

Dated this ___ day of April 2012.

_____
JILL A. TANNER
PRESIDING MAGISTRATE


*If you want to appeal this Decision, file a Complaint in the Regular Division of the Oregon Tax Court, by mailing to: 1163 State Street, Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your Complaint must be submitted within 60 days after the date of the Decision or this Decision becomes final and cannot be changed.*

*This document was signed by Presiding Magistrate Jill A. Tanner on April 30, 2012. The Court filed and entered this document on April 30, 2012.*