IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

FANG YEN HONG )
and CHUN-MEI L. HONG, )
)
   Plaintiffs, ) TC-MD 120055N
)
 v. )
)
DOUGLAS COUNTY ASSESSOR, )
)
   Defendant, )
)
 and )
)
DEPARTMENT OF REVENUE, )
State of Oregon, )
)
   Defendant-Intervenor. ) **DECISION**

Plaintiffs filed their Complaint on February 14, 2012, challenging Defendant Department

of Revenue's (Department) Conference Decision No. 11-0021, dated December 28, 2011.

Plaintiffs allege Department abused its discretion by dismissing Plaintiffs' petition for lack of

supervisory jurisdiction. The court review is limited to the record before the Department.

*Resolution Trust Corp. v. Dept. of Rev*. (*Resolution Trust*), 13 OTR 276, 279 (1995). The

Department provided the complete "conference record,"[1] including all evidence provided to the

Department and an audio recording of the conferences held by the Department. The parties

agree that the conference record includes all evidence and testimony submitted to the

Department as part of Plaintiffs' petition. The parties submitted cross-motions for summary

judgment and this matter is now ready for the court's determination.

/ / /

---

[1] The Department's "conference record" is 49 pages and includes the conference decision, Plaintiffs' petition, letters submitted by Plaintiffs and the county, and all correspondence from the Department.

I. STATEMENT OF FACTS

Plaintiffs appealed the 2008-09, 2009-10, and 2010-11 real market values (RMV) and maximum assessed values (MAV) of property identified as R34324 to the Department. (Department's Conference R at 1.) Plaintiffs also appealed the accrued interest on back taxes for tax years 2008-09, 2009-10, and 2010-11 for properties identified as R34324 (Lot 300) and R34340 (Lot 400) to the Department. (*Id.*) Plaintiffs did not own Lots 300 and 400 for the tax years at issue, but the Department found that Plaintiffs had standing for the appeal because Plaintiffs are obligated to pay "back taxes" for each of those years. (*Id.* at 4.) Timely appeals were not filed with the county board of property tax appeals for the tax years at issue, although Paul Meyer, Douglas County Counsel, reported that "the then property owner (taxpayer's predecessor in interest) asked the assessor to review the value of the properties [and t]hat resulted in a significant drop in the RMV of the land. The RMV of [Lot 400] became $467,500." (*Id.* at 35.)

Plaintiffs sought supervisory review by the Department under ORS 306.115.[2] The Department held telephone conferences on August 16, 2011, and September 8, 2011, to determine whether Plaintiffs' petition satisfied the requirements for the Department's supervisory jurisdiction. (*Id.* at 1, 9.) Fang Yen Hong appeared and testified on behalf of Plaintiffs. Paul Meyer and Bryan Lif appeared and testified on behalf of Douglas County. (*Id.* at 7, 8.)

On December 28, 2011, Department issued its Conference Decision No. 11-0021. The Department concluded that it lacked jurisdiction to review the substantive issues of Plaintiffs' petition because:

---

[2] All references to the Oregon Revised Statutes (ORS) and to the Oregon Administrative Rules (OAR) are to 2009.

> "[T]he department does not find agreement to any facts that indicate an assessment error is likely. In fact there was no challenge to the valuation or appraisal process. Further, there is no evidence that any of the other supervisory standards indentified in OAR 150-306.115 have been satisfied."

(*Id*. at 4.)

The Conference Record indicates that Plaintiffs acquired two adjacent and similar lots, Lot 300 and Lot 400, on January 28, 2011, from Rogue River Mortgage "as a matter of record." (Department's Conference R at 4.) Property taxes and accrued interest for the 2008-09 and 2009-10 tax years were not paid at the time of Plaintiffs' acquisition. (*Id.*) During the August 16, 2011, telephone conference with the Department, Plaintiffs asserted that the back taxes and interest on Lot 300 are unreasonable because the MAV and the corresponding property taxes for Lot 300 are 740 percent greater than the MAV and corresponding property taxes for Lot 400. (Department's Conference R at 42.) Plaintiffs alleged that the parties agreed to facts indicating a likely error on the tax roll, and that they were being taxed on nonexistent property for the tax years at issue.

The 2008-09, 2009-10, and 2010-11 RMVs, MAVs, and assessed values (AV) for Lot 300 and Lot 400 are as follows:

|  |  | Lot 300 | Lot 400 |
|---|---|---|---|
| 2008-09 | RMV | $975,193 | $918,131 |
|  | MAV | $1,309,681 | $119,432 |
|  | AV | $975,193 | $119,432 |
| 2009-10 | RMV | $975,193 | $918,131 |
|  | MAV | $1,309,681 | $123,014 |
|  | AV | $975,193 | $123,014 |
| 2010-11 | RMV | $496,500 | $467,500 |
|  | MAV | $1,309,681 | $126,704 |
|  | AV | $496,500 | $126,704 |

/ / /

(*Id.* at 30.)  Back taxes and accrued interest of Lot 300 total $39,622.27.  (*Id.* at 43.)  Back taxes and accrued interest of Lot 400 total $6,362.64.  (*Id.* at 44.)

The MAV of $1,309,681 of Lot 300 resulted from the existence of a lumber mill on the property prior to 2003.  (*Id.* at 28, 34.)  In 2003, the lumber mill went bankrupt and was dismantled. (*Id.* at 28.)  At the time, no law existed allowing a reduction of a property's MAV reflecting removal of property.  (*Id.* at 4.)  However, the RMV of Lot 300 was reduced for the 2003-04 tax year reflecting the removal of the lumber mill.  (*Id.* at 34.)  In 2006, the City of Roseburg rezoned Lots 300 and 400 from "heavy industrial" to "mixed use" commercial, resulting in RMV increases reflected in the 2008-09 RMVs.  (*Id.* at 35.)

## II.  ANALYSIS

The court's standard of review of the Department's Conference Decision is abuse of discretion.  When evaluating abuse of discretion, the court reviews the Department's decision in the context of whether the Department acted in an "arbitrary, capricious or wrongful manner" or whether Defendant's decision is "clearly wrong."  *Perkins and Wiley v. Dept. of Rev.*, 13 OTR 426, 428 (1995) (citing *Corvallis Country Club v. Dept. of Rev.*, 10 OTR 302, 307 (1986)); *Martin Bros. v. Tax Commission*, 252 Or 331, 338, 449 P2d 430 (1969) (citing *Richardson v. Neuner*, 183 Or 558, 564, 194 P2d 989 (1948)).  The court cannot "substitute its own view for the administrator's judgment" when review is statutorily given to another entity.  *Rogue River Pack v. Dept. of Rev.*, 6 OTR 293, 301 (1976).  In making its determination, the court is limited to the record before the Department.  *Resolution Trust*, 13 OTR at 279.

The parties filed cross-motions for summary judgment.  Summary judgment is appropriate when "the pleadings, depositions, affidavits, declarations, and admissions on file show that there is no genuine issue as to any material fact and that the moving party is entitled to

prevail as a matter of law."  Tax Court Rule 47 C.  The court reviews the record to determine

whether the moving party is "entitled to prevail as a matter of law."  (*Id.*)

The Department has supervisory power over the Oregon property tax system under

ORS 306.115.  ORS 306.115(3) grants the Department the authority to:

> "[O]rder a change or correction applicable to a separate assessment of property to the assessment or tax roll for the current tax year and for either of the two tax years immediately preceding the current tax year if for the year to which the change or correction is applicable the department discovers reason to correct the roll which, *in its discretion,* it deems necessary to conform the roll to applicable law without regard to any failure to exercise a right of appeal."

(Emphasis added.)   The Department may adopt rules "to regulate its own procedure."

ORS 305.100.  The Department promulgated OAR 150-306.115 to govern the process by which

Department will review a petition for a change or correction to a separate assessment of property.

OAR 150-306.115(4) provides in part:

> "The department will consider the substantive issue in the petition only when:

>> "(a) The assessor or taxpayer has no remaining statutory right of appeal; and

>> "(b) The department determines that an error on the roll is likely as indicated by at least one of the following standards:

>>> "(A) The parties to the petition agree to facts indicating likely error; or

>>> "(B) There is an extraordinary circumstance indicating a likely error. Extraordinary circumstances under this provision are:

>>>> "(i) The taxation of nonexistent property, property that is exempt as a matter of law without an application, or property outside the taxing jurisdiction[.]"

Plaintiffs allege that the Department abused its discretion when it dismissed Plaintiffs'

petition for lack of jurisdiction.  Plaintiffs argue that the Department had jurisdiction to hear the

/ / /

substantive issues of their petition because the parties agreed to facts indicating a likely error and the existence of an extraordinary circumstance of taxation of nonexistent property. The Department responds that it did not abuse its discretion when it dismissed Plaintiffs' petition because, for the tax years at issue, the case is void of facts indicating likely error and Plaintiffs were not taxed for nonexistent property.

Plaintiffs' request a reduction in the MAV of Lot 300 for the tax years at issue based on the substantial difference between the MAV of Lot 300 and the MAV of Lot 400. Plaintiffs allege that the neighboring properties are similar, and thus the fact that the MAV of Lot 300 is 740 percent higher than the MAV of Lot 400 indicates an error. Plaintiffs believe that, because the Department acknowledges that the MAV of Lot 300 is substantially higher than the MAV of Lot 400, the parties agree to facts indicating a likely error. However, the Department concluded that the MAV of Lot 300 was consistently and correctly calculated as 100 percent of the MAV of the prior year for each of the tax years at issue.[3] (Def's Cross-Mot Summ J at 4; Conference R at 4, 36.)

The parties agree that Lot 300 has a higher MAV than Lot 400 because, before 2003, Lot 300 included a lumber mill. The lumber mill was removed during the 2003-04 tax year. ORS 308.146(8) allows a reduction in MAV for the removal or demolition of a building in the year of removal or demolition and upon application to the county assessor. Subsection (8) of

/ / /

/ / /

---

[3] ORS 308.146(1) provides:

"The maximum assessed value of property shall equal 103 percent of the property's assessed value from the prior year or 100 percent of the property's maximum assessed value from the prior year, whichever is greater."

ORS 308.146 was added during the 2007 legislative session. Or Laws 2007, ch 516, § 1. At the time the lumber mill was removed during the 2003-04 tax year, there was no provision in the law allowing a corresponding reduction in the MAV of Lot 300. *See Benson v. Columbia County Assessor*, TC-MD No 020660B at 3 - 4, WL 32104967 at *2 (Dec 23, 2003). Because there was no provision under the law to reduce the MAV of Lot 300 in tax year 2003-04 to reflect the removal of the lumber mill, the difference between the MAV of Lot 300 and the MAV of Lot 400 does not indicate a likely error on the roll. It has been recognized that the concept of MAV may result in various degrees of nonuniformity over time. *Ellis v. Lorati*, 14 OTR 525, 535 (1999). Article 11, section 11, of the Oregon Constitution is not subject to uniformity requirements. *Id.* Therefore, under Article 11, section 11, of the Oregon Constitution, similar properties may have different MAVs.

Even if the 2003-04 tax roll included an error, it is not likely that there was an error on the tax rolls in any of the years at issue before the Department. According to ORS 306.115(3), the Department may correct valuation errors for the current tax year and the two prior tax years. (Def's Cross-Mot Summ J at 5.) The Department lacks authority to correct an error on the 2003-04 tax roll, because that year is beyond the time allowed under ORS 306.115. (*Id.*) For the years at issue, the MAV of Lot 300 was correctly calculated as 100 percent of the MAV of the prior year. (Def's Cross-Mot Summ J at 4; Conference R at 4, 36.)

If the Department does not find that an error on the roll is likely in the years at issue, it must deny a plaintiff's petition for supervisory review. *Ghazi-Moghaddam v. Dept. of Rev.*, TC No 4968, WL 2750894 at *3 (June 21, 2011). Because the agreed upon facts do not indicate a likely error, Department did not abuse its discretion in dismissing Plaintiffs' petition.

/ / /

Plaintiffs put forth an alternative argument that the MAV of Lot 300 should be reduced because Plaintiffs believe they are being taxed on "phantom property," which is an extraordinary circumstance. (Ptf's Cross-Mot Summ J at 7.) The Department concluded that Plaintiffs were not being taxed for nonexistent property under OAR 150-306.115(4)(b)(B)(i). (Department's Conference R at 4.) Property is taxed on the lesser of its MAV or the RMV. Or Const Art XI § 11(1)(f); ORS 308.146(2); *Flavorland Foods v. Washington County Assessor*, 334 Or 562, 565 (2002). Because the RMV of Lot 300 was less than the MAV of Lot 300 for the years at issue, the property was taxed on its RMV in the 2008-09, 2009-10, and 2010-11 tax years. The RMV of Lot 300 decreased as a result of the removal of the lumber mill and did not include any value for nonexistent property. (Department's Conference R at 4, 34.) For the tax years at issue, Plaintiffs were not taxed for non-existent property; thus, no extraordinary circumstance exists for those years and the Department did not abuse its discretion in dismissing Plaintiffs' petition.

Finally, Plaintiffs question the Department's property tax conference procedures, stating that their "phone was cut off from the conference many times," and that their Conference Decision was unnecessarily delayed. (Ptf's Cross-Mot Summ J at 1, 2.) OAR 150-306.115-(C) outlines the Department's property tax conference procedures. The court has reviewed OAR 150-306.115-(C), and it appears that the Department complied with the procedures set forth in the rule. The Department did not abuse its discretion for failure to comply with its own property tax conference procedures.

/ / /

/ / /

/ / /

### III. CONCLUSION

After careful consideration of the Conference Record, the court concludes that the Department did not abuse its discretion in dismissing Plaintiffs' petition for tax years 2008-09, 2009-10, and 2010-11, based on lack of supervisory jurisdiction. Now, therefore,

IT IS DECIDED that Plaintiffs' Motion for Summary Judgment is denied; and

IT IS FURTHER DECIDED that Defendant's Cross-Motion for Summary Judgment is granted.

Dated this ____ day of July 2012.

_____
ALLISON R. BOOMER
MAGISTRATE

*If you want to appeal this Decision, file a Complaint in the Regular Division of the Oregon Tax Court, by mailing to: 1163 State Street, Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your Complaint must be submitted within 60 days after the date of the Decision or this Decision becomes final and cannot be changed.*

*This document was signed by Magistrate Allison R. Boomer on July 10, 2012. The Court filed and entered this document on July 10, 2012.*